**Donna BEDNAR, Admx. of the Estate of James Bednar, and Widow in her Own Right, Appellant**

v.

**DANA CORPORATION, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 17, 2008.

Filed Dec. 16, 2008.

Richard P, Myers, Philadelphia, for appellant.

Robert B. Lawler, Pittsburgh, for appellee.

BEFORE: BENDER, DONOHUE and FREEDBERG, JJ.

## OPINION BY FREEDBERG, J.:

¶ 1 In this asbestos personal injury action, Appellant Donna Bednar, individually and as administratrix of the estate of her late husband James R. Bednar, appeals from judgment entered following a verdict in favor of Dana Corporation. We reverse and remand for a new trial.

¶ 2 James R. Bednar was diagnosed with mesothelioma, a cancer caused by exposure to asbestos. Mr. Bednar and his wife filed suit against a number of parties, including Dana Corporation, alleging that Mr. Bednar's exposure to asbestos caused his mesothelioma. During the pendency of the action, Mr. Bednar died from the disease. The Bednar case was consolidated for trial with two other mesothelioma cases.

¶ 3 On June 2, 2005, counsel appeared for jury selection. The administrative judge for asbestos litigation became involved in a dispute regarding whether the trial jury would consist of twelve or eight jurors. He ultimately determined that the trial jury would consist of eight jurors. At that point the administrative judge stated that all parties would be afforded three peremptory challenges each. The following exchange occurred between Appellant's counsel and the administrative judge:

COUNSEL: Your Honor, with regards to the number of strikes, the state rules say four, and—

COURT: State rules say four in the event that there's a jury of twelve. We have a jury of eight. Using the courts discretion, three, you're getting three strikes. Plaintiff's and defense will share three. Is there anything further? So ordered by the court. Is there anything further by anybody? We have learned counsel sitting in the audience. Thank you very much. Court's in recess.

N.T., 6/2/2005, at 21–22. A jury of eight was selected with each side limited to three peremptory strikes. The cases were set to commence trial June 6, 2005, before the assigned trial judge.

¶ 4 At the time set for trial, Appellant presented the trial judge with a motion, supported by reference to the Rules of Civil Procedure and other legal authority, objecting to the seating of the jury as comprised and requesting continued jury selection by allowing each side to exercise a fourth peremptory challenge against two of the eight selected jurors, and then by selecting two replacement jurors from a small supplemental panel of prospective jurors. This suggested manner of proceeding was met with no objection. The trial judge granted the motion and called for a small supplemental panel of prospective jurors.

¶ 5 After time spent on motions matters and in recess, the trial judge, apparently concluding that he was constrained by the prior ruling of the administrative judge, announced that he was reversing himself as to the grant of a fourth peremptory challenge for each side. The trial judge determined that the jury of eight would be seated as comprised; he permitted counsel to make a record as to which of the eight jurors each side would have peremptorily

challenged if afforded a fourth peremptory challenge.

¶ 6 The case proceeded to trial in a reverse bifurcated fashion. In the first phase the jury found in favor of Dana Corporation, concluding that Mr. Bednar's mesothelioma was not caused by asbestos exposure. Appellant filed post-trial motions seeking a new trial on the sole ground that the court erroneously afforded only three peremptory challenges. The post-trial motions were denied. Appellant filed notice of appeal December 20, 2005, but judgment was not entered in the trial court. As judgment was subsequently entered February 8, 2006, we consider the initial appeal filed after entry of judgment and properly before us jurisdictionally. *Dominick v. Hanson,* 753 A.2d 824, 825 n. 1 (Pa.Super.2000). See also Pa.R.A.P. 905(a). Appellant filed a statement in compliance with Pennsylvania Rule of Appellate Procedure 1925, and the trial court issued an opinion pursuant to Rule 1925.

¶ 7 Our review of a trial court's denial of a post-trial motion seeking award of a new trial is governed by the following standards:

> In reviewing a trial court's decision to grant or deny a motion for a new trial, "it is well-established law that, absent a clear abuse of discretion by the trial court, appellate courts must not interfere with the trial court's authority to grant or deny a new trial." *Harman v. Borah,* 562 Pa. 455, 756 A.2d 1116, 1121–22 (2000). Moreover, "[a] new trial is not warranted merely because some irregularity occurred during the trial or another trial judge would have ruled differently; the moving party must demonstrate to the trial court that he or she has suffered prejudice from the mistake." *Id.* at 467, 756 A.2d at 1122 (citations omitted).

Under *Harman,* we must first determine whether we agree with the trial court that a factual, legal or discretionary mistake was, or was not, made. *Id.* If we agree with the trial court's determination that there were no prejudicial mistakes at trial, then the decision to deny a new trial must stand. If we discern that a mistake was made at trial, however, we must then determine whether the trial court abused its discretion in ruling on the motion for a new trial. *Id.* at 468, 756 A.2d at 1123. A trial court abuses its discretion by rendering a judgment that is manifestly unreasonable, arbitrary or capricious, or has failed to apply the law, or was motivated by partiality, prejudice, bias or ill will. *Id.* at 469, 756 A.2d at 1123 (citations omitted).

*Boucher v. Pennsylvania Hospital,* 831 A.2d 623, 627 (Pa.Super.2003) quoting *Harman v. Borah,* 562 Pa. 455, 756 A.2d 1116, 1121–1123 (2000).

¶ 8 Appellant raises a single issue on appeal, *i.e.,* whether the trial court committed reversible error in affording only three peremptory challenges. Rule 221 of the Pennsylvania Rules of Civil Procedure provides as follows:

Rule 221. Peremptory Challenges

Each party shall be entitled to four peremptory challenges, which shall be exercised in turn beginning with the plaintiff and following in the order in which the party was named or became a party to the action. In order to achieve a fair distribution of challenges, the court in any case may

(a) allow additional peremptory challenges and allocate them among the parties;

(b) where there is more than one plaintiff or more than one defendant or more than one additional defendant, consider

any one or more of such groups as a single party.

Pa.R.C.P. 221.

¶ 9 Rule 221 was last amended in 1976. The comment to Rule 221, primarily explaining the amendment but also delineating proper application of the Rule, provides, in pertinent part, as follows:

> The amendment provides a general rule that each party shall be entitled to four peremptory challenges, but gives the Court two alternatives to achieve "a fair distribution of challenges". First, the Court may allow additional peremptory challenges and allocate those challenges among the parties. Second, if there is more than one plaintiff, defendant or additional defendant, the court may consider any one or more of such groups as a single party.

> Any attempt to prescribe a fixed formula for distributing peremptory challenges might lead to unjust results in individual cases. The trial judge can best determine what is fair in a particular case by the circumstances that appear at the time of jury selection. Giving the trial judge the option of reducing the number of challenges available to a group of parties will also be helpful in situations where there are a limited number of jurors on the panel.

Pa.R.C.P. 221 (comment).

¶ 10 Rule 127 of the Pennsylvania Rules of Civil Procedure, governing construction of the Rules, provides as follows:

> Rule 127. Construction of Rules. Intent of Supreme Court Controls

> (a) The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court.

> (b) Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

> (c) When the words of a rule are not explicit, the intention of the Supreme Court may be ascertained by considering, among other matters (1) the occasion and necessity for the rule; (2) the circumstances under which it was promulgated; (3) the mischief to be remedied; (4) the object to be attained; (5) the prior practice, if any, including other rules and Acts of Assembly upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous history of the rule; and (8) the practice followed under the rule.

Pa.R.C.P. 127.

¶ 11 We discern absolutely no ambiguity in the words "[e]ach party shall be entitled to four peremptory challenges" and no party to this appeal raises any contention to the contrary. In fact, Dana Corporation agrees with Appellant that each party is entitled to four peremptory challenges. We are directed to no authority to support the proposition that the mandatory and unambiguous dictates of Rule 221 are of any less force or effect where the case is tried to a jury of fewer than twelve. It was legal error for the administrative judge to require that Appellant (and Dana Corporation) have only three peremptory challenges in derogation of Rule 221.

¶ 12 We note that once the case was assigned to the trial judge for trial, the coordinate jurisdiction rule, which generally prohibits a judge from overruling an earlier ruling of another judge of the same court in the same case, did not bind the trial judge to follow the prior order of the administrative judge. The "general prohibition against revisiting a prior holding by a judge of coordinate jurisdiction is not absolute." *Jones v. Rivera*, 866 A.2d 1148, 1151 (Pa.Super.2005). "[W]hile a judge

must in most circumstances defer to the prior decision of another judge of coordinate jurisdiction, he or she is not required to do so in the limited and exceptional situation in which, *inter alia,* the prior judge's order is clearly erroneous and would result in a manifest injustice." *Zane v. Friends Hospital,* 575 Pa. 236, 836 A.2d 25, 31 (2003). In *Zane* our Supreme Court explained the clearly erroneous exception to the coordinate jurisdiction rule as follows:

> To accede to a coordinate judge's order that is clearly erroneous would be not only to permit an inequity to work on the party subject to the order, but would allow an action to proceed in the face of almost certain reversal on appellate review. Moreover, the requirement that the prior holding also create a manifest injustice serves as a significant curb on the exception so that it would apply to only those situations in which adhering to the prior holding would be, in essence, plainly intolerable.

*Zane,* 836 A.2d at 29–30. The prior order of the administrative judge affording only three peremptory challenges was clearly erroneous, worked a manifest injustice, and the trial judge was not under any legal obligation to uphold such a clearly erroneous ruling.

■ ¶ 13 Having determined that the trial court committed error, we must determine the appropriate remedy. Dana Corporation advances the contention that no relief is warranted because both sides were equally disadvantaged and there was, as such, no prejudice. We disagree. Denial or impairment of the right to exercise peremptory challenges "is reversible error without a showing of prejudice." *Commonwealth v. Ingber,* 516 Pa. 2, 531 A.2d 1101, 1105 (1987), *quoting Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). To the extent that our law requires prejudice to warrant award of a new trial, we conclude that prejudice arose from denial of the prescribed procedural right to four peremptory challenges. Appellant was compelled to proceed to trial before a jury including a juror Appellant had a right to strike without cause. We will not visit upon Appellant any further burden to somehow establish the virtually unknowable consequences of this clearly erroneous ruling denying Appellant precisely what our Rules of Civil Procedure afford. The trial court failed to apply the law. It was an abuse of discretion to deny the request for a new trial.

¶ 14 Judgment **REVERSED.** Case **REMANDED** for a new trial. Jurisdiction **RELINQUISHED.**