**MIDWEST FINANCIAL**
**ACCEPTANCE CORPORATION,**
**Appellant**

v.

**Rony E. and Susan M. LOPEZ,**
**Appellees.**

Superior Court of Pennsylvania.

Argued May 1, 2013.
Filed Aug. 23, 2013.

John P. Liekar, Jr., Pittsburgh, for appellant.

BEFORE: GANTMAN, J., LAZARUS, J., and MUNDY, J.

OPINION BY GANTMAN, J.:

Appellant, Midwest Financial Acceptance Corporation ("MFAC"), appeals from the order entered in the Centre County Court of Common Pleas, which granted the petition of Appellees, Rony E. and Susan M. Lopez, to strike, for improper venue, the confessed judgment entered against them in Allegheny County and transferred to Centre County. Given the non-adversarial nature of a confession of judgment, as well as the limited definition of "action" in Rule 2950, we hold that, unless otherwise specified in the agreement, the general venue terms of Rule 1006 do not automatically apply to the initial filing of a judgment of confession and cannot be used to strike an otherwise lawful confession of judgment that has been entered in strict compliance with a valid warrant of attorney. Accordingly, we reverse the order striking the confession of judgment entered against Appellees and remand for reinstatement of the judgment in Centre County.

The relevant facts and procedural history of this case are as follows. Appellees are residents of Centre County. They executed a promissory note ("Note") in exchange for a **commercial** loan in the amount of $131,500.00 from Mid–State Bank and Trust Company in 1998. A successor in interest, MFAC, is a Missouri corporation that eventually took over the Note in 2007, at the end of a series of assignments. A provision in the Note, called **LENDER'S RIGHTS** stated that the parties agreed the Note would be governed by and construed in accordance with Pennsylvania law. Significantly, the Note authorized the entry of judgment in any competent jurisdiction, upon the occurrence of a default described in the document, as follows:

**CONFESSION OF JUDGMENT. BORROWER HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY OR THE PROTHONOTARY OR CLERK OF ANY COURT IN THE COMMONWEALTH OF PENNSYLVANIA, OR ELSEWHERE, TO APPEAR AT ANY TIME FOR BORROWER AFTER A DEFAULT UNDER THIS NOTE, AND WITH OR WITHOUT COMPLAINT FILED, AS OF ANY TERM, CONFESS OR ENTER JUDGMENT AGAINST BORROWER FOR THE ENTIRE PRINCIPAL BALANCE OF THIS NOTE, ALL ACCRUED INTEREST, LATE CHARGES, AND ANY AND ALL AMOUNTS EXPENDED OR ADVANCED BY LENDER RELATING TO ANY COLLATERAL SECURING THIS NOTE TOGETHER WITH INTEREST ON SUCH AMOUNTS, TOGETHER WITH COSTS OF SUIT, AND AN ATTORNEY'S COMMISSION OF TEN**

PERCENT (10%) OF THE UNPAID PRINCIPAL BALANCE AND ACCRUED INTEREST FOR COLLECTION, BUT IN ANY EVENT NOT LESS THAN FIVE HUNDRED DOLLARS ($500) ON WHICH JUDGMENT OR JUDGMENTS ONE OR MORE EXECUTIONS MAY ISSUE IMMEDIATELY; AND FOR SO DOING, THIS NOTE OR A COPY OF THIS NOTE VERIFIED BY AFFIDAVIT SHALL BE SUFFICIENT WARRANT. THE AUTHORITY GRANTED IN THIS NOTE TO CONFESS JUDGMENT AGAINST BORROWER SHALL NOT BE EXHAUSTED BY EXERCISE OF THAT AUTHORITY, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF ALL AMOUNTS DUE UNDER THIS NOTE. BORROWER HEREBY WAIVES ANY RIGHT BORROWER MAY HAVE TO NOTICE OR TO A HEARING IN CONNECTION WITH ANY SUCH CONFESSION OF JUDGMENT, EXCEPT ANY NOTICE AND/OR HEARING REQUIRED UNDER APPLICABLE LAW WITH RESPECT TO EXECUTION OF THE JUDGMENT, AND STATES THAT EITHER A REPRESENTATIVE OF LENDER SPECIFICALLY CALLED THIS CONFESSION OF JUDGMENT PROVISION TO BORROWER'S ATTENTION OR BORROWER HAS BEEN REPRESENTED BY INDEPENDENT LEGAL COUNSEL.

PRIOR TO SIGNING THIS NOTE, EACH BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE, INCLUDING THE VARIABLE INTEREST RATE PROVISIONS. EACH BORROWER AGREES TO THE TERMS OF THE NOTE AND ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THE NOTE.

(Promissory Note, dated 7/2/98, at 2; R.R. at 12a). The confession of judgment provision appeared prominently in bold, capital letters at the end of the Note immediately before and on the same page as the signature lines. Just beneath the provision Appellees signatures appear on the Note as signed under seal. (*Id.*)

Appellees defaulted on their obligations under the Note as of February 18, 2009. By letter dated June 8, 2009, MFAC advised Appellees they were in default of the loan by reason of their failure to make payments due on April 2, 2009 and May 2, 2009, and the payment received on June 1, 2009 was returned for non-sufficient funds ("NFS") on June 5, 2009. The letter gave Appellees an opportunity to cure the default.

Pursuant to the confession of judgment provision in the Note, MFAC filed a complaint in confession of judgment in Allegheny County Court of Common Pleas on April 14, 2010, and the court entered judgment against Appellees in the amount of $111,397.73. That same day, Appellees were given proper notice of the entry of judgment and sent a complete copy of the pleadings. MFAC immediately transferred the judgment to Centre County on April 16, 2010.

On May 11, 2010, MFAC offered a payment plan to Appellees. By virtue of the payment plan, MFAC allowed Appellees to continue to make payments and avoid further collection efforts. The payment plan called for Appellees to pay $9,000.00 on or before May 14, 2010, and monthly payments in the amount of $1,494.00 beginning on June 5, 2010, and by the fifth day of every month thereafter until February 5, 2011; the remaining balance of the judgment would become due and owing on

February 20, 2011. The judgment would remain in effect and attach as a judgment lien by operation of law. The payment plan did not reinstate the loan. Appellees accepted and signed the payment plan whereby, *inter alia,* they also acknowledged the judgment, the amount of the judgment, its validity and enforceability, service of process, and waived their right to vacate the judgment for any reason.

Notwithstanding the parties' May 11, 2010 agreement, over fourteen months later on July 29, 2011, Appellees filed a petition to strike/set aside the transfer and entry of the judgment in Centre County, on numerous grounds, including a challenge to the original default, asserting the basis for the "alleged" default was their failure to obtain insurance. Appellees averred they had the proper insurance but "simply did not realize" they had to respond to MFAC's 2009 notice of default. Appellees also claimed (a) they were entitled to fifteen days to cure the alleged default, (b) MFAC increased Appellee's monthly payments due to the "improper default," (c) Appellees paid MFAC "large sums of money" only to be told that the amounts were insufficient, (d) MFAC breached the loan contract by finding Appellees in default when they were abiding by the terms of the loan. Appellees further averred the Allegheny County Court of Common Pleas had no jurisdiction to enter the judgment because neither they nor MFAC had any connection to Allegheny County. Appellees likewise claimed they were not given proper notice or opportunity to defend the confession of judgment, where they "might have" filed preliminary objections based on a suggested flaw in the pleading regarding a "lost Note affidavit" of a predecessor note holder. (*See* Petition to Strike Transfer of Judgment and Entry of Judgment, filed 7/29/11, at 1–3; R.R. at 34a–36a.) Appellees asked the Centre County court to enter a rule to show cause against MFAC, which the court entered.

MFAC answered Appellees' petition to strike, paragraph by paragraph, denied all the conclusions of law, and attached relevant exhibits to call into question the averments in Appellees' petition. In particular, MFAC responded, *inter alia,* by stating Appellees had defaulted on the loan in numerous ways, including their failure to make loan payments when due in April and May 2009, and their payment received on June 1, 2009, was returned for "NFS" on June 5, 2009. Appellees were advised by letter dated on June 8, 2009, of their default, the application of the default interest rate with late charges and "NFS" fees, and the time to cure the default to avoid acceleration of the debt and legal action. MFAC also demonstrated how Appellees had later entered into a written and signed Payment Plan with MFAC on May 11, 2010, less than one month after the confessed judgment was entered and transferred to Centre County. Significantly, the Payment Plan included an explicit term that stated as follows:

> 9. **Acknowledgment:** Debtor acknowledges that: (i) the Judgment is valid and enforceable, Debtor was duly served with all process, Debtor has no defenses to the lawsuit, and Debtor hereby waives any right to seek or vacate the Judgment for any reason; (ii) Debtor executed the loan documents underlying the Judgment; (iii) MFAC is the lawful owner and holder of the loan documents[;] and (iv) Debtor is in default under the loan documents and the balance due there under is due and payable and fully accelerate[d].

(*See* Payment Plan, dated 5/11/10, at 3; R.R. at 59a.) MFAC averred that in further confirmation of the judgment, Appellees had made the first payment required under the May 11, 2010 Payment Plan and

continued to make payments for the next nine months. MFAC also countered that Appellees had expressly acknowledged service of the complaint in confession of judgment was proper. MFAC similarly emphasized that preliminary objections are not permitted under the applicable rules of court as a challenge to a confession of judgment. For all of these reasons, MFAC asked the court to dismiss Appellees' petition to strike with prejudice. (*See* Reply to Petition to Strike, filed 9/19/11, at 1–9; R.R. at 41a–64a.)

By order entered October 4, 2011, the trial court struck the confessed judgment. Relying on the case of *The Mountbatten Sur. Co., Inc. v. Williams Graphics, Inc.*, 2004 WL 1921110 (Pa.Com.Pl. Aug. 12, 2004), the court reasoned a confessed judgment must be entered in a county with proper venue governed by Pa.R.C.P. 1006. The court reasoned the confession of judgment clause in the Promissory Note was "merely" a warrant of attorney, but it was too broad to be a forum selection clause. The court stressed it had considered only matters of record, existing at the time of entry of the confessed judgment, in reaching its decision, and properly considered the law on "forum selection clauses" when it favored Appellees' oral argument that venue with respect to Allegheny County as the original county of entry of judgment was "improper." The court declined to transfer the judgment back to Allegheny County but announced its order did not prohibit MFAC from refiling its confession of judgment in a county with proper venue. (*See* Trial Court Opinion, dated December 9, 2011, at 1–2.)

MFAC timely filed a notice of appeal on October 31, 2011. On November 3, 2011, the court ordered MFAC to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P.1925(b).

MFAC timely complied on November 17, 2011.

MFAC raises three issues for our review:

> WHETHER THE TRIAL COURT ERRED BY CONSIDERING, OR ASSUMING, MATTERS OUTSIDE OF THE RECORD AT THE TIME OF ENTRY OF JUDGMENT?
>
> WHETHER THE TRIAL COURT ERRED BY FAILING TO EFFECT THE CLEAR AND UNAMBIGUOUS LANGUAGE OF THE NOTE?
>
> WHETHER THE TRIAL COURT ERRED IN APPLYING THE VENUE RULES FOR CIVIL ACTIONS TO THE ENTRY OF A CONFESSED JUDGMENT?

(MFAC's Brief at 2).

In its issues combined, MFAC first argues that a venue question is inherently fact-intensive, in contrast to the well-settled principles governing the striking of a confessed judgment. MFAC claims Appellees' petition to strike set forth and relied upon averments of fact outside the relevant record, when they asserted they had no connection with Allegheny County. To support its contention that venue is fact-based, MFAC also observes improper venue must be raised by preliminary objection, per Pa.R.C.P. 1028, and requires both a responsive pleading and a factual record. Nevertheless, the trial court stated in its venue disposition as follows:

> In this case, the Allegheny County Court of Common Pleas lacked venue over the Complaint in Confession of Judgment because [Appellees] could not be served in Allegheny county, the loan transaction did not occur in Allegheny county, and no pertinent property is located in Allegheny county. In addition, [MFAC] has presented no evidence of a connection to Allegheny County.

(*See* Trial Court Order, filed October 4, 2011, at 3.) MFAC contends the court had to rely on matters outside the relevant record to come to that conclusion because MFAC's complaint in confession of judgment recited only the parties' respective addresses. MFAC submits the court erred in striking the judgment based on matters outside the relevant record as it existed when the confession of judgment was initially entered in Allegheny County.

Moreover, MFAC contends that, while proceedings to strike are limited to matters of record at the time the original confession of judgment was entered, Pennsylvania law recognizes an exception to this rule, where Appellees waived their right to have the judgment set aside. In other words, MFAC asserts Appellees are estopped from contesting the confession of judgment in any respect because they acknowledged the amount of the judgment, its validity and enforceability, service of process, and waived their right to vacate the judgment for any reason. MFAC attached to its reply to Appellees' petition to strike a copy of the written May 11, 2010 Payment Plan that Appellees had entered into with MFAC after the confession of judgment at issue was entered in Allegheny County and transferred to Centre County. Under these circumstances MFAC submits the court should have considered MFAC's reply to Appellees' petition and permitted MFAC to rely on Appellees' waiver as an exception to the strict rules governing the striking of judgments. Due to Appellees' unequivocal waiver, MFAC reasons Appellees should have been estopped from attacking the judgment in Centre County.

Next, MFAC states the clear and unambiguous language of the confession of judgment provision in the loan document authorizes any court, within the Commonwealth, to confess judgment against Appellees upon the event of their default. As the Allegheny County Court of Common Pleas is unquestionably a competent court of this Commonwealth, MFAC submits it was expressly authorized to confess judgment against Appellees in that court. The terms of the confession of judgment provision in the loan document were broad, but that alone did not render the provision ambiguous. MFAC maintains the court erred when it disregarded the parties' contract in favor of striking the confessed judgment.

MFAC's final position is that the general venue rules governing civil actions do not apply to confession of judgment proceedings. MFAC takes the position that actions in confession of judgment are distinct "civil actions" under Rule 2950, such that resort to the general venue rules under Rule 1006 is inapposite. MFAC faults the trial court's reliance on *Mountbatten* because that case, without any citation to authority, summarily concluded the general venue framework and rules for civil actions applied with equal force to confessed judgments. Although the trial court recognized the *Mountbatten* case was not binding, the court used it anyway as persuasive. MFAC claims it is unaware of any other Pennsylvania cases which apply ordinary venue rules to confessed judgments. MFAC contends the general venue rules are also unavailing to Appellees because the commercial parties agreed in writing to entry of the confessed judgment in any Pennsylvania court. MFAC concludes we should reverse and reinstate the confessed judgment in Centre County. We agree.

 "A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." *Reso-*

*lution Trust Corp. v. Copley Qu–Wayne Associates,* 546 Pa. 98, 106, 683 A.2d 269, 273 (1996).

> In considering the merits of a petition to strike, the court will be limited to a review of only the record as filed by the party in whose favor the warrant is given, *i.e.*, the complaint and the documents which contain confession of judgment clauses. Matters *dehors* the record filed by the party in whose favor the warrant is given will not be considered. If the record is self-sustaining, the judgment will not be stricken.... An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered.

*Hazer v. Zabala,* 26 A.3d 1166, 1169 (Pa.Super.2011) (quoting *Resolution Trust Corp., supra* ). In other words, the petition to strike a confessed judgment must focus on any defects or irregularities appearing on the face of the record, as filed by the party in whose favor the warrant was given, which affect the validity of the judgment and entitle the petitioner to relief as a matter of law. *ESB Bank v. McDade,* 2 A.3d 1236, 1239 (Pa.Super.2010). "[T]he record must be sufficient to sustain the judgment." *Id.* The original record that is subject to review in a motion to strike a confessed judgment consists of the complaint in confession of judgment and the attached exhibits. *Resolution Trust Corp., supra* at 108, 683 A.2d at 274.

 In contrast, "if the truth of the factual averments contained in [the complaint in confession of judgment and attached exhibits] are disputed, then the remedy is by proceeding to open the judgment," not to strike it. *Id.* at 106, 683 A.2d at 273. A petition to strike a confessed judgment and a petition to open a confessed judgment are distinct remedies; they are not interchangeable. *Hazer, su-*

*pra.* A petition to open a confessed judgment is an appeal to the equitable powers of the court. *PNC Bank v. Kerr,* 802 A.2d 634, 638 (Pa.Super.2002), *appeal denied,* 572 Pa. 735, 815 A.2d 634 (2002). Factual disputes by definition cannot be raised or addressed in a petition to strike off a confession of judgment, because factual disputes force the court to rely on matters outside the relevant record to decide the merits of the petition. *Resolution Trust Corp., supra* at 109, 683 A.2d at 275.

 Historically, Pennsylvania law has recognized and permitted entry of confessed judgments pursuant to the authority of a warrant of attorney contained in a written agreement. *See Scott Factors, Inc. v. Hartley,* 425 Pa. 290, 228 A.2d 887 (1967). "[A] warrant of attorney is a contractual agreement between the parties and the parties are free to determine the manner in which the warrant may be exercised." *Atlantic Nat. Trust, LLC v. Stivala Investments, Inc.,* 922 A.2d 919, 924 (Pa.Super.2007), *appeal denied,* 594 Pa. 702, 936 A.2d 39 (2007). Entry of a valid judgment by confession must be "made in rigid adherence to the provisions of the warrant of attorney; otherwise, such judgment will be stricken." *Dollar Bank, Federal Sav. Bank v. Northwood Cheese Co., Inc.,* 431 Pa.Super. 541, 637 A.2d 309, 311–12 (1994), *appeal denied,* 539 Pa. 692, 653 A.2d 1231 (1994). "A warrant to confess judgment must be explicit and will be strictly construed, with any ambiguities resolved against the party in whose favor the warrant is given." *Id.* "A warrant of attorney to confess judgment must be self-sustaining and to be self-sustaining the warrant must be in writing and signed by the person to be bound by it. The requisite signature must bear a direct relation to the warrant of attorney and may not be implied." *Hazer, supra* at 1171. *See also*

*Ferrick v. Bianchini,* 69 A.3d 642, 2013 PA Super 116 (stating same).

 "Whether a judge has correctly interpreted a writing and properly determined the legal duties which arise therefrom is a question of law for the appellate court." *Riccio v. American Republic Ins. Co.,* 550 Pa. 254, 263, 705 A.2d 422, 426 (1997). The legal effect or enforceability of a contract provision presents a question of law accorded full appellate review and is not limited to an abuse of discretion standard. *Id. See also Patriot Commercial Leasing Co., Inc. v. Kremer Restaurant,* 915 A.2d 647 (Pa.Super.2006), *appeal denied,* 597 Pa. 720, 951 A.2d 1166 (2008). "A cornerstone principle of contract interpretation provides that where the words of the document are clear and unambiguous, we must 'give effect' to the language." *Tindall v. Friedman,* 970 A.2d 1159, 1165 (Pa.Super.2009). Likewise, if the matter under review involves the interpretation of the Pennsylvania Rules of Civil Procedure, we have before us a question of law, where our standard of review is *de novo* and our scope of review is plenary. *Boatin v. Miller,* 955 A.2d 424, 427 (Pa.Super.2008). The principles contained in Pa.R.C.P. 127 guide our interpretation of the rules as follows.

### Rule 127. Construction of Rules. Intent of Supreme Court Controls

(a) The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court.

(b) Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

(c) When the words of a rule are not explicit, the intention of the Supreme Court may be ascertained by considering, among other matters (1) the occasion and necessity for the rule; (2) the circumstances under which it was promulgated; (3) the mischief to be remedied; (4) the object to be attained; (5) the prior practice, if any, including other rules and Acts of Assembly upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous history of the rule; and (8) the practice followed under the rule.

Pa.R.C.P. 127; *Bednar v. Dana Corp.,* 962 A.2d 1232, 1236 (Pa.Super.2008). Further, Rule 129 provides:

### Rule 129. Construction of Rules. Titles, Provisos, Exceptions and Headings. Use of Notes and Explanatory Comments

(a) The title or heading of a rule may be considered in construing the rule.

(b) Provisos shall be construed to limit rather than to extend the operation of the clauses to which they refer.

(c) Exceptions expressed in a rule shall be construed to exclude all others.

(d) The title or heading prefixed to a chapter of rules shall not be considered to control but may be used in construing the rules.

(e) A note to a rule or an explanatory comment is not a part of the rule but may be used in construing the rule.

Pa.R.C.P. 129.

Rule 1001 provides:

### Rule 1001. Definition. Scope

(a) As used in this chapter and in Rules 1506 and 1531 through 1535, "action" means a civil action brought in or appealed to any court which is subject to these rules.

(b) There shall be a "civil action" in which shall be brought all claims for relief heretofore asserted in

(1) the action of assumpsit,

(2) the action of trespass, and

(3) the action in equity.

> *Note:* The procedural distinctions between the forms of action in assumpsit, trespass and equity are abolished.

> The following rules govern particular types of equitable relief: Rule 1506 (stockholder's derivative suits), Rule 1531 (injunctions), Rule 1532 (perpetuation of testimony), Rule 1533 (receivers), Rule 1534 (Accounting by Fiduciaries) and Rule 1535 (objections to security).

> The action to prevent waste has been abolished. The relief formerly available in that action may be obtained in a civil action seeking equitable relief.

> *See* Rule 1041.1 for special provisions governing asbestos litigation.

(c) Other forms of action which incorporate these rules by reference shall be known as "civil action-(type of action)."

> *Note:* For example, the action of mandamus shall be known as "civil action—mandamus".

Pa.R.C.P. 1001. "Rules relating to the manner of commencing an action or the time for serving process or for filing or serving pleadings may be waived by agreement of the parties...." Pa.R.C.P. 1003. The general venue principles and limitations set forth in Rule 1006 apply to other forms of action **which incorporate them by reference.** Pa.R.C.P. 1001(c). Similar-

ly, the venue rules can be waived by the parties. Pa.R.C.P. 1003.

 Rules 2950 to 2967 of the Pennsylvania Rules of Civil Procedure govern confessions of judgment for money. *See generally* Pa.R.C.P. 2950–2967.[1] A confession of judgment "action" under these rules is distinctly defined as "a proceeding to enter a judgment by confession for money pursuant to an instrument ... authorizing such confession." Pa.R.C.P. 2950. Rule 2952 expressly authorizes the practice of allowing a party to file a complaint in confession of judgment without either a notice to defend or a notice to plead, and no responsive pleading is required (even if the complaint has a notice to defend or is endorsed with a notice to plead). Pa.R.C.P. 2952(b). The rules requiring and establishing the form of notices to defend and to plead in ordinary civil complaints do not apply to actions for confession of judgment. *See id. Note* (stating Rule 1018.1 and Rule 1361 do not apply to complaint in confession of judgment). Instead, "A confession of judgment clause 'permits the creditor or its attorney simply to apply to the court for judgment against the debtor in default without requiring or permitting the debtor ...' to respond at that juncture." *Southwestern Pennsylvania Regional Council, Inc. v. Gentile,* 776 A.2d 276, 279 n. 3 (Pa.Super.2001). Because the creditor is entitled to file the complaint and enter judgment against the debtor without any appearance or response from the debtor, Pennsylvania's initial procedure for con-

---

1. These rules do not apply to a "consumer credit transaction," which Rule 2950 defines as "a credit transaction in which the party to whom credit is offered or extended is a natural person and the money, property or services which are the subject of the transaction are primarily for personal, family or household purposes." Pa.R.C.P. 2950. Here, MFAC averred in its complaint at ¶ 4 and attached an affidavit to its complaint stating that the judgment was not being entered by confession against a natural person in connection with a consumer transaction. (*See* Complaint in Confession of Judgment at ¶ 4; Affidavit attached to Complaint in Confession of Judgment; R.R. at 8a, 24a). Therefore, MFAC complied with those pleading requirements set forth in Rules 2951(a) and 2952.

fessing judgments lacks "the hallmarks of an adversary proceeding" until the debtor files a petition to strike off or open the judgment. *See Newton v. First Union Nat. Bank,* 316 F.Supp.2d 225, 233–34 (E.D.Pa.2004). Nevertheless, "[t]he record of the entry of a judgment by the prothonotary under a power contained in the instrument is a record of the court, and it has all the qualities of a judgment on a verdict." *O'Hara v. Manley,* 140 Pa.Super. 39, 12 A.2d 820, 822 (1940).

Generally, notice and service of a confessed judgment to the debtor is contemporaneous with the entry of the judgment against the debtor. *See* Pa.R.C.P. 2956 *Note* (referring to Rule 236(a)(1)) requiring prothonotary to give written notice to defendants of entry of confessed judgment by ordinary mail together with all documents filed with prothonotary in support of confession of judgment. "The prothonotary shall note in the docket the giving of notice and, when a judgment by confession is entered, the mailing of the required notice and documents." Pa.R.C.P. 236(b).

■ Following a confession of judgment, the debtor can choose to litigate the judgment by filing a petition in compliance with Rule 2959. *See* Pa.R.C.P. 2959. The debtor must raise all grounds for relief (to strike off or open) in a single petition, which can be filed in the county where the judgment was originally entered or in any county where the judgment has been transferred. *Id.* "A party waives all defenses and objections which are not included in the petition or answer." *See* Pa.R.C.P. 2959(c).

Rules 2950–2967 do not expressly incorporate or reference Rule 1006 venue. *See generally* Pa.R.C.P. 2950–2967. The only reference to "venue" in Rules 2950–2967 is found in Rule 2959(a)(1), which outlines the procedure the **debtor** must employ to seek relief from a judgment by confession. *See*

Pa.R.C.P. 2959(a)(1) (stating: "Relief from a judgment by confession shall be sought by petition. Except as provided in subparagraph (2), all grounds for relief whether to strike off the judgment or to open it must be asserted in a single petition. The petition may be filed in the county in which the judgment was originally entered, in any county to which the judgment has been transferred or in any other county in which the sheriff has received a writ of execution directed to the sheriff to enforce the judgment").

No precedential Pennsylvania appellate court decision has directly addressed whether the general venue limitations of Rule 1006 automatically apply to a confession of judgment for money entered, pursuant to a commercial contract, under Rules 2950–2967, but two published decisions from the Courts of Common Pleas have reached disparate conclusions on the question. In *Mountbatten, supra,* the plaintiff confessed judgment against the defendants in the Philadelphia County Court of Common Pleas, pursuant to a confession of judgment provision in an indemnity agreement by which the defendants authorized and empowered "any attorney of record or Prothonotary or clerk of any court in any jurisdiction to appear for any or all of them at any time or times in any court." The defendants filed a petition to strike the confessed judgment, averring as a defect on the face of the record that venue did not exist in Philadelphia County. The *Mountbatten* court imposed the general venue provisions of Rules 1006 and 2179 and decided no venue existed in Philadelphia against the defendants. The court reasoned the plaintiff's "fundamental error" was assuming venue and jurisdiction were equivalent. Interpreting the warrant provision against the plaintiff in whose favor it had been given, the court struck the confessed judgment

for lack of venue. *Id.* The plaintiff did not appeal.

In the case of *PNC Bank v. SNS Buddies, Inc.*, 2009 WL 6355124 (Pa.Com.Pl. Jan. 29, 2009), *affirmed*, 996 A.2d 567 (Pa.Super.2010) (unpublished memorandum), the Cumberland County Court of Common Pleas took the opposite position that the general civil action venue rules do not apply to confession of judgment actions. The plaintiff had confessed judgment against the defendant in the Cumberland County Court of Common Pleas, pursuant to a confession of judgment provision in the parties' loan documents. The language in the contract provided that jurisdiction would be in the Courts of Common Pleas of the Commonwealth of Pennsylvania, plus standard language empowering any attorney of any court of record to appear and confess judgment in favor of the lender. The defendant filed a petition to strike the confessed judgment, averring as a defect on the face of the record that venue did not exist in Cumberland County. The *PNC Bank* court eschewed the general venue provisions of Rules 1006 and 2179 to decide that venue existed in Cumberland County against the defendant. The court reasoned the traditional venue rules had no application to the initial filing of a judgment of confession, because (a) the rules governing confession of judgment actions did not expressly incorporate the general venue rules by reference and (b) actions for confession of judgment significantly differed both procedurally and substantively from the civil actions subject to the general venue rules. *See id.* Moreover, the court determined that even if venue could be made an issue, venue had been arguably waived, based on the language in the confession of judgment provision.[2] Neither of these cases, however, is binding on this Court. *See generally Atlantic Nat. Trust, LLC, supra* (reiterating rule that common pleas court decisions are not binding precedent).

▮▮▮▮ With these contrary viewpoints in mind, we further observe that subject matter jurisdiction and venue are distinct concepts. *Schultz v. MMI Products, Inc.*, 30 A.3d 1224, 1227 (Pa.Super.2011).

> Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented. Jurisdiction is a matter of substantive law. 42 Pa.C.S. § 931(a) (defining the unlimited original jurisdiction of the courts of common pleas).

> Venue relates to the right of a party to have the controversy brought and heard in a particular judicial district. Venue is predominately a procedural matter, generally prescribed by rules of this Court. 42 Pa.C.S. § 931(c). Venue assumes the existence of jurisdiction. 42 Pa.C.S. § 931(b) (referencing rules for change of venue in cases within the jurisdiction of courts of common pleas); Pa.R.Crim.P. 584 (relating to the procedure for a change of venue amongst courts of common pleas for the trial of criminal actions).

*Id.* Venue, "being a matter of procedure, and not substance, is within the competen-

---

**2.** In an unpublished memorandum, this Court affirmed the decision on appeal, reasoning in part that the standard language in the loan documents, by which the debtor consents to entry of confession of judgment in any of the courts of common pleas in Pennsylvania conferred venue on any of those courts. Nevertheless, an unpublished memorandum of this Court carries no precedential weight, apart from the parties involved in that particular case. *See Boring v. Erie Ins. Group*, 434 Pa.Super. 40, 641 A.2d 1189, 1191 (1994) (stating unpublished memoranda decisions lack precedential value except when relevant, for example, under doctrines of law of case, *res judicata*, collateral estoppel, *etc.*).

cy of the Procedural Rule's prescription. Essentially venue is an incident of procedure. It is part of that body of law which bounds and delineates the forum and the manner and mode of enforcing a litigant's rights. It is distinguishable from and is not within the field of law, known as substantive, which recognizes, creates and defines rights and liabilities and causes of action." *McGinley v. Scott,* 401 Pa. 310, 317, 164 A.2d 424, 428 (1960). As a matter of procedure, and not substantive law, venue is considered a personal privilege belonging to the defendant and can be waived by failing to raise an objection to venue in timely filed preliminary objections or waived by written agreement or waived by tacit agreement through participation in the proceedings. *See* Pa.R.C.P. 1028(a)(1); Pa.R.C.P. 1003, *Commonwealth v. Bethea,* 574 Pa. 100, 110 n. 3, 828 A.2d 1066, 1073 n. 3 (2003), *cert. denied,* 540 U.S. 1118, 124 S.Ct. 1065, 157 L.Ed.2d 911 (2004) (reiterating "Jurisdiction of subject matter can never attach nor be acquired by consent or waiver of the parties, while venue may always be waived"). *Compare Danz v. Danz,* 947 A.2d 750, 754 (Pa.Super.2008) (distinguishing venue Rule of Civil Procedure 1920.2, which allows *inter alia* venue in county upon which parties agree in writing, attached to complaint; unlike other venue rules, this rule requires record to establish venue requirement and allows court to override parties' agreement under certain circumstances on its own motion or for its own convenience and transfer action to appropriate court of any other county where action originally could have been brought; "While every venue provision in the Rules of Civil Procedure sets forth a substantive standard for determining when venue is proper, not a single venue provision, with the exception of Rule 1920.2, contains language requiring the evidence of record to establish venue is appropriate and purporting to limit the trial court's authority to act if it does not").

A forum selection clause in a contractual provision limits the place or court in which an action may be brought. *See generally Morgan Trailer Mfg. Co. v. Hydraroll, Ltd.,* 759 A.2d 926 (Pa.Super.2000). The appeal before us indirectly implicates Pennsylvania law on "forum selection" clauses in commercial contracts, which states:

> The modern and correct rule is that, while private parties may not by contract prevent a court from asserting its jurisdiction or change the rules of venue, nevertheless, a court in which venue is proper and which has jurisdiction should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation. Such an agreement is unreasonable only where its enforcement would, under all circumstances existing at the time of litigation, seriously impair plaintiff's ability to pursue his cause of action. Mere inconvenience or additional expense is not the test of unreasonableness since it may be assumed that the plaintiff received under the contract consideration for these things. If the agreed upon forum is available to plaintiff and said forum can do substantial justice to the cause of action then plaintiff should be bound by his agreement. Moreover, the party seeking to obviate the agreement has the burden of proving its unreasonableness.

*Autochoice Unlimited, Inc. v. Avangard Auto Finance, Inc.,* 9 A.3d 1207, 1215 (Pa.Super.2010) (quoting *Central Contracting Co. v. C.E. Youngdahl & Co.,* 418 Pa. 122, 133–34, 209 A.2d 810, 816 (1965)). "In light of these controlling principles from *Central Contracting* and prevailing case

law, a forum selection clause in a commercial contract between business entities is presumptively valid and will be deemed unenforceable only when: 1) the clause itself was induced by fraud or overreaching; 2) the forum selected in the clause is so unfair or inconvenient that a party, for all practical purposes, will be deprived of an opportunity to be heard; or 3) the clause is found to violate public policy." *Autochoice Unlimited, Inc., supra* (quoting *Patriot Commercial Leasing Co., Inc., supra* at 650).

In the present case, Appellees executed a promissory note in 1998 in exchange for a commercial loan in the amount of $131,500.00. MFAC took over the note in 2007, at the end of a series of assignments. The Note is expressly governed by and to be construed in accordance with Pennsylvania law. The Note also contained a confession of judgment provision that in pertinent part irrevocably authorized and empowered "any attorney or the prothonotary or clerk of any court in the Commonwealth of Pennsylvania, or elsewhere, to appear at any time for borrower after a default under this note, and with or without complaint filed, as of any term, confess or enter judgment against borrower...." (*See* Promissory Note, dated 7/2/98, at 2; R.R. at 12a.) The confession of judgment provision appeared prominently in bold capital letters at the end of the Note immediately before and on the same page as the signature lines. Just beneath the provision Appellees signatures appear on the note as signed under seal. (*Id.*)

Appellees defaulted on their obligations under the Note as of February 18, 2009. By letter dated June 8, 2009, MFAC advised Appellees they were in default of the loan by reason of their failure to make payments due on April 2, 2009 and May 2, 2009, and the payment received on June 1, 2009 was returned for non-sufficient funds ("NFS") on June 5, 2009. The letter gave Appellees an opportunity to cure the default.

Pursuant to the confession of judgment provision in the Note, MFAC filed a complaint in confession of judgment in the Allegheny County Court of Common Pleas on April 14, 2010, and the court entered judgment against Appellees in the amount of $111,397.73. That same day, Appellees were given proper notice of the entry of judgment and sent a complete copy of the pleadings. MFAC immediately transferred the judgment to Centre County on April 16, 2010.

Over fourteen months later, Appellees filed a petition to strike/set aside the transfer and entry of the judgment in Centre County, on numerous grounds, including a challenge to the original default, asserting the basis for the "alleged" default was their failure to obtain insurance. Appellees averred they had the proper insurance but "simply did not realize" they had to respond to MFAC's 2009 notice of default. Appellees also claimed (a) they had fifteen days to cure the alleged default, (b) MFAC increased Appellee's monthly payments due to the "improper default," (c) Appellees paid MFAC "large sums of money" only to be told that the amounts were insufficient, (d) MFAC breached the loan contract by finding Appellees in default when they were abiding by the terms of the loan. Appellees further averred the Allegheny County Court of Common Pleas had no jurisdiction to enter the judgment because neither they nor MFAC had any connection to Allegheny County. Appellees likewise claimed they were not given proper notice or opportunity to defend the confession of judgment, where they "might have" filed preliminary objections based on a suggested flaw in the pleading regarding a "lost Note

affidavit" of a predecessor note holder. (*See* Petition to Strike Transfer of Judgment and Entry of Judgment, filed 7/29/11, at 1–3; R.R. at 34a–36a.) Appellees asked the Centre County court to enter a rule to show cause against MFAC, which the court entered.

MFAC answered Appellees' petition to strike, paragraph by paragraph, denied all the conclusions of law, and attached relevant exhibits to call into question the averments in Appellees' petition. In particular, MFAC responded, *inter alia,* by stating Appellees had defaulted on the loan in several ways, including their failure to make loan payments when due in April and May 2009, and their payment received on June 1, 2009, was returned for "NFS" on June 5, 2009. MFAC advised Appellees by letter dated on June 8, 2009, of their default, the application of the default interest rate with late charges and "NFS" fees, and the time to cure the default to avoid acceleration of the debt and legal action. MFAC also countered that Appellees had expressly acknowledged service of the complaint in confession of judgment was proper. MFAC similarly emphasized that preliminary objections are not permitted under the applicable rules of court as a challenge to a confession of judgment. For all of these reasons, MFAC asked the court to dismiss Appellees' petition to strike with prejudice. (*See* Reply to Petition to Strike, filed 9/19/11, at 1–9; R.R. at 41a–64a.) By order entered October 4, 2011, the trial court struck the confessed judgment.

▆▆▆ We begin our analysis by recognizing that the claims Appellees raised in their petition to strike, such as issues relating to their default, or the propriety of MFAC's actions regarding the default, were inappropriate grounds to strike a confessed judgment. Similarly, Appellees' averments of breach of contract,

notice, opportunity to defend, and the lost opportunity to file preliminary objections are not grounds to strike the confessed judgment. Arguably, even the bare averment concerning lack of "jurisdiction" in Allegheny County did not preserve the "venue" issue that was later addressed by the trial court. Nevertheless, in adjudicating the petition to strike in Appellees' favor, the trial court relied on *Mountbatten, supra,* and wrote:

> As in [*Mountbatten, supra*], the case at bar involves a loan agreement with broad language that purports to render the borrowers subject to jurisdiction in any county in Pennsylvania. Also as in [*Mountbatten, supra*], confessed judgment was entered in a county without venue. Because this [c]ourt agrees that confessed judgments must be entered in counties with proper venue, we follow the persuasive reasoning in [*Mountbatten, supra*] and find that the confessed judgment in this case must be stricken for lack of venue.

(Opinion and Order, filed October 4, 2011, at 3–4). In its Rule 1925(a) opinion, the trial court further reasoned:

> The [c]ourt disputes that the clause referenced by [MFAC] is an "unambiguous forum selection clause." The pertinent paragraph of the Promissory Note states:
>
> CONFESSION OF JUDGMENT. BORROWER HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY OR THE PROTHONOTARY OR CLERK OF ANY COURT IN THE COMMONWEALTH OF PENNSYLVANIA, OR ELSEWHERE, TO APPEAR AT ANY TIME FOR BORROWER AFTER A DEFAULT UNDER THIS NOTE, AND WITH OR WITHOUT COMPLAINT FILED, AS OF ANY TERM, CON-

FESS OR ENTER JUDGMENT AGAINST BORROWER....

This paragraph is not a form selection clause, but rather a Warrant of Attorney. *See, e.g., Germantown Sav. Bank v. Talacki* [441 Pa.Super. 513], 657 A.2d 1285 (Pa.Super.1995) (noting that a nearly identical paragraph is a Warrant of Attorney). The paragraph authorizes an attorney, prothonotary, or clerk to enter a judgment against the borrower in the case of default. The clause cannot, however, be construed as a forum selection clause because if so construed, it would allow any court in Pennsylvania "or elsewhere" to serve as the forum. This [c]ourt will not assume the contracting parties intended to select a forum of any court in any location, as this would amount to selecting no forum at all. As there is no forum selection clause, the rules of civil procedure governing jurisdiction and venue must be applied to the judgment.

The [c]ourt recognizes that matters *dehors* the record cannot be considered in adjudicating petitions to strike confessed judgments. The [c]ourt maintains it did not consider matters *dehors* the record because the [c]ourt only considered facts apparent on the face of the record. Specifically, the Court considered the judgment entered in Allegheny County. Appellant claims the [c]ourt instead applied the standard to be used in proceedings to open judgments. The [c]ourt assumes Appellant is referencing the standard that matters *dehors* the record may be considered in petitions to open judgments. For the reasons delineated above, this [c]ourt maintains it used the proper standard for petitions to strike judgments, namely the consideration of only matters apparent on the face of the record.

**This [c]ourt based its opinion on lack of venue because Appellees raised lack of venue orally at the hearing on September 19, 2011, and this [c]ourt found the issue dispositive.**

As venue was improper in the original county of entry, this [c]ourt could not transfer the judgment back to that county. This [c]ourt's order striking the judgment in no way prohibits [MFAC] from refiling its judgment in a county with proper venue.

(Trial Court Opinion, filed December 9, 2011, at 1–3). We agree that the confession of judgment provision in the Note is not a forum selection clause in the traditional sense, *see generally Autochoice Unlimited, Inc., supra* and *Morgan Trailer Mfg. Co., supra,* but we respectfully disagree with the court's conclusion that MFAC's confession of judgment is therefore necessarily subject to the ordinary venue terms outlined in Rule 1006 of the rules of civil procedure on that basis. Moreover, we dispute the court's decision as flawed in several other respects.

Initially, we observe the confession of judgment provision in the Note was in writing, conspicuously placed in bold, capital letters at the end of the Note immediately before and on the same page as the signature lines. Just beneath the provision Appellees' signatures appear on the Note as signed under seal. The complaint in confession of judgment complied with Rule 2952 by including: the names and last known addresses of the parties; a copy of the Note showing Appellees' signatures; an averment that judgment was not being entered by confession against a natural person in connection with a consumer credit transaction; a statement of assignment; a statement that judgment has not been entered on the instrument in any jurisdiction; an averment of the default; an itemized computation of the amount due; a demand for judgment; a signature

and verification in accordance with the rules relating to civil actions; and no notice to plead or defend. *See* Pa.R.C.P. 2952.

By virtue of the confession of judgment provision in the Note, Appellees irrevocably authorized and empowered any attorney or the prothonotary or clerk of any court in the Commonwealth of Pennsylvania, or elsewhere, to appear at any time for Appellees, after a default under the Note, and with or without complaint filed, as of any term, confess or enter judgment against Appellees. The Allegheny County Court of Common Pleas was a competent Pennsylvania court with general subject matter jurisdiction over this type of claim. There are no record challenges to the validity of the confession of judgment provision in the Note, or of fraud, misrepresentation, ambiguity, or violations of public policy. Further, the rules on confession of judgment do not require a notice to defend, a notice to plead, or even permit a responsive pleading such as preliminary objections. Instead, the proper challenge to a confession of judgment is through a petition to strike or open the judgment, stating *prima facie* grounds for relief, before the court even issues a rule to show cause. *See* Pa.R.C.P. 2959(a)(1), (b).

Regarding the venue matter, MFAC's complaint in confession of judgment merely recited the parties' respective addresses. No averment of venue was required or made. Appellees did not raise lack of "venue" with sufficient particularity in their petition to strike, notwithstanding Rule 2959(c) (stating: "A party waives all defenses and objections which are not included in the petition or answer"). *See* Pa.R.C.P. 2959(c). The court, however, said it based its opinion on lack of venue because Appellees raised lack of venue orally at the hearing on September 19, 2011, and the court found the issue dispositive, stating in its order: "[Appellees] could not be served in Allegheny county, the loan transaction did not occur in Allegheny county, and no pertinent property is located in Allegheny county. In addition, [MFAC] has presented no evidence of a connection to Allegheny County." (*See* Trial Court Order, filed October 4, 2011, at 3.) We question how the court could strike a confession of judgment based on those facts, which do not appear on the face of the record subject to review in this context and were not articulated in Appellees' petition to strike. Importantly, the record subject to review per Appellees' motion to strike the confessed judgment consisted of MFAC's complaint in confession of judgment and the attached exhibits. *See Resolution Trust Corp., supra.* Therefore, the court erred in evaluating a fact-based matter, first raised at oral argument, which required consideration of details outside the original record, to decide the petition to strike the confession of judgment. Here, the original complaint and attached exhibits sustained the judgment entered. *See ESB Bank, supra.* Under these circumstances, any venue issue should have been raised, if at all, in a petition to open the judgment, which is a distinct remedy that Appellees did not seek. *See Resolution Trust Corp., supra; Hazer, supra.*

As well, we recognize the confession of judgment provision containing the warrant of attorney was valid, self-sustaining, explicit, and unambiguously without limit, except for the condition of default. *See id.; Dollar Bank supra.* The fact that the warrant extends to other courts is not relevant to this case, because MFAC entered the judgment in rigid adherence to the warrant of attorney. *See id.* The warrant of attorney was part of a valid contractual agreement in which the parties freely determined the way the warrant

could be exercised. *See Atlantic Nat. Trust, LLC, supra.*

▮ Additionally, nothing in the law or the rules governing a confession of judgment for money makes it silently subject to the ordinary venue terms outlined in Rule 1006 of the rules of civil procedure, simply because the warrant of attorney is expressed broadly in the parties' contract. In that respect, we agree with the reasoning in the Cumberland County *PNC Bank* decision that traditional venue rules do not automatically apply to the initial filing of a judgment of confession, where (a) the rules governing confession of judgment actions do not expressly incorporate the general venue rules by blanket reference and (b) actions for confession of judgment differ significantly both procedurally and substantively from the civil actions subject to the general venue rules. *See id. See also* Pa.R.C.P. 1001(c) (stating: "The general venue principles and limitations set forth in Rule 1006 apply to other forms of action which incorporate them by reference"); Pa.R.C.P. 2950–2967 generally. Therefore, we hold that, unless otherwise specified in the agreement, the general venue terms of Rule 1006 do not automatically apply to the initial filing of a judgment of confession, and cannot be used to strike an otherwise lawful confession of judgment that has been entered in strict compliance with a valid warrant of attorney.

Based on the foregoing, we conclude the trial court erred when it struck MFAC's confession of judgment on the ground of improper venue under Rule 1006, simply because it had been initially entered in Allegheny County and then transferred to Centre County. Given the non-adversarial nature of a confession of judgment, as well as the limited definition of "action" in Rule 2950, we hold that, unless otherwise speci-

fied in the agreement, the general venue terms of Rule 1006 do not automatically apply to the initial filing of a judgment of confession and cannot be used to strike an otherwise lawful confession of judgment that has been entered in strict compliance with a valid warrant of attorney. Accordingly, we reverse the order striking the confession of judgment entered against Appellees and remand for reinstatement of the judgment in Centre County.[3]

Order reversed; case remanded with instructions. Jurisdiction is relinquished.

MUNDY, J., filed a Concurring Opinion.

### CONCURRING OPINION BY MUNDY, J.:

I concur in the result reached by the learned Majority. As the Majority aptly notes, Appellees executed a payment plan agreement with Appellant on May 11, 2010. The payment plan contained the following provision.

> 9. **Acknowledgment:** Debtor acknowledges that: (i) the Judgment is valid and enforceable, Debtor was duly served with all process, Debtor has no defenses to the lawsuit, and **Debtor hereby waives any right to seek to vacate the Judgment for any reason;** (ii) Debtor executed the loan documents underlying the Judgment; (iii) MFAC is the lawful owner and holder of the loan documents[;] and (iv) Debtor is in default under the loan documents and the balance due there under is due and payable and fully accelerate[d].

Majority Opinion at 620 (emphasis added), *quoting* Payment Plan, 5/11/10, at 3. In light of this provision, I agree that the trial court erred in granting Appellee's petition to strike the judgment, as Appellees had already signed away any possible defenses to the judgment.

---

**3.** Due to this disposition, any open motions are denied as moot.

In my view, because the record unequivocally establishes that Appellees waived any defense to the judgment, that should end our inquiry in this case. As a result, I would not address the broader question presented by Appellant as to whether "the venue rules governing 'civil actions' appl[y] with equal force to 'actions' under the rules of civil procedure governing the confession of judgment for money." Appellant's Brief at 12. Thus, I concur in the Majority's result in this case.

I also write separately to note my disagreement with the Majority's interpretation of the warrant of attorney clause included in the original promissory note as containing a forum selection clause. As the Majority notes, said clause provides in relevant part, as follows.

> CONFESSION OF JUDGMENT. BORROWER HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS ANY ATTORNEY OR THE PROTHONOTARY OR CLERK OF ANY COURT IN THE COMMONWEALTH OF PENNSYLVANIA, OR ELSEWHERE, TO APPEAR AT ANY TIME FOR BORROWER AFTER A DEFAULT UNDER THIS NOTE, AND WITH OR WITHOUT COMPLAINT FILED, AS OF ANY TERM, CONFESS OR ENTER JUDGMENT AGAINST BORROWER FOR THE ENTIRE PRINCIPAL BALANCE OF THIS NOTE, ALL ACCRUED INTEREST, LATE CHARGES, AND ANY AND ALL AMOUNTS EXPENDED OR ADVANCED BY LENDER RELATING TO ANY COLLATERAL SECURING THIS NOTE TOGETHER WITH INTEREST ON SUCH AMOUNTS, TOGETHER WITH COSTS OF SUIT, AND AN ATTORNEY'S COMMISSION OF TEN PERCENT (10%) OF THE UNPAID PRINCIPAL BALANCE AND ACCRUED INTEREST FOR COLLECTION, BUT IN ANY EVENT NOT LESS THAN FIVE HUNDRED DOLLARS ($500) ON WHICH JUDGMENT OR JUDGMENTS ONE OR MORE EXECUTIONS MAY ISSUE IMMEDIATELY; AND FOR SO DOING, THIS NOTE OR A COPY OF THIS NOTE VERIFIED BY AFFIDAVIT SHALL BE SUFFICIENT WARRANT.

Majority Opinion at 618–19 (emphasis removed; citation omitted). As the trial court noted, "[t]his paragraph is not a form [sic] selection clause, but rather a Warrant of Attorney." Trial Court Opinion, 12/9/11, at 2. The trial court further observed that this Court has previously treated such provisions as warrant of attorney clauses.[1] *See Germantown Sav. Bank v. Talacki*, 441 Pa.Super. 513, 657 A.2d 1285 (1995). Despite previous Court precedent finding the language of this clause to be merely a warrant of attorney clause, the Majority finds the language to

---

1. In *Germantown*, the following provision was at issue.

 "**The warrant of attorney** in the Guaranty Agreement provide[d]:"
 6. Each Guarantor hereby irrevocably authorizes and empowers any attorney of record, or Prothonotary or Clerk or any court in the Commonwealth of Pennsylvania or elsewhere, to appear for such Guarantor in any such court at any time and from time to time following the occurrence of an event of default under any of the Loan Documents, and therein to confess or enter judgment against such Guarantor in favor of Bank for the full amount of the Guaranteed Obligations, as evidenced by an affidavit signed by a duly authorized designee of Bank setting forth such amount, plus attorneys' fees, with costs of suit, release of errors and without right of appeal ...

 *Germantown, supra* at 1288 (emphasis added). The language in *Germantown* is virtually identical to the language of the clause in the instant case.

contain a forum selection clause though "not in the traditional sense." Majority Opinion at 631. In contrast to the Majority, I would agree with the trial court's reasoning on this point. Specifically, the trial court concluded as follows.

> The clause cannot, however, be construed as a forum selection clause because if so construed, it would allow any court in Pennsylvania *"or elsewhere"* to serve as the forum. This Court will not assume the contracting parties intended to select a forum of any court in any location, **as this would amount to selecting no forum at all.**

Trial Court Opinion, 12/9/11, at 2 (italics in original; emphasis added). I would not read "empower[ing] any attorney or the Prothonotary or clerk of any court in the Commonwealth of Pennsylvania or elsewhere" as the parties selecting a forum. Majority Opinion at 618. Instead, I interpret that phrase as declining to identify a forum in order to account for a possible change in circumstances, such as if a party were to relocate. Thus, rather than selecting venue, in my view, the clause presupposes that a valid venue exists.

If we were to view the warrant of attorney clause in this case as containing a forum selection clause, it would lead to unreasonable applications and fail under *Autochoice Unlimited, Inc. v. Avangard Auto Fin., Inc.*, 9 A.3d 1207 (Pa.Super.2010), as it allows for venue to be exercised in literally any and every court willing to exercise jurisdiction. *See* Majority Opinion at 618 (noting the warrant of attorney clause authorized confession of judgment in "any court in the Commonwealth of Pennsylvania, **or elsewhere**") (capital letters removed; emphasis added); *see also Morgan Trailer Mfg. Co. v. Hydraroll, Ltd.*, 759 A.2d 926, 930–931 (Pa.Super.2000) (holding that a forum selection clause requiring venue in the United Kingdom was unreasonable); *Churchill Corp. v. Third Century, Inc.*, 396 Pa.Super. 314, 578 A.2d 532, 536 (1990) (concluding forum selection clause establishing venue in Morbley, Missouri was unreasonable, in part because it "would seriously impair [the defendants'] ability to pursue their defenses[ ]"), *appeal denied,* 527 Pa. 628, 592 A.2d 1296 (1991). Importantly, the warrant of attorney clause in this case is even broader in scope than either of the clauses in *Morgan Trailer* and *Churchill*. Applying a clause granting unlimited venue to an out-of-state or foreign court "would seriously impair [a defendant's] ability to pursue [any] defenses[ ]" and would "deprive [a defendant] of an opportunity to be heard." *Churchill, supra; Autochoice, supra.* Based on these considerations, in reversing the trial court, I would not rely on the warrant of attorney clause to suggest that Appellees agreed to the entry of confession of judgment filed in Allegheny County. Rather, I would rely on Appellees waiver of any challenge thereto as contained in the May 14, 2010 payment plan agreement.

In summary, I agree that the trial court erred in granting Appellees' motion to strike the judgment. Because Appellees' waived all defenses to the judgment, the trial court was not permitted to consider venue, much less grant the motion to strike on that basis. For this reason, I would reverse the trial court's order and end the analysis at that point. I would resist the temptation to resolve the conflict between Philadelphia County and Cumberland County and not address the broader question reached by the learned Majority as to the applicability of the general venue rules. In my view, it is unnecessary to the resolution of this case. As a result, I respectfully concur in the result only.