J-A25021-17

2018 PA Super 10

| | | |
|---|---|---|
| VICTOR GUR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN NADAV | : | |
| | : | |
| Appellant | : | No. 917 EDA 2017 |

Appeal from the Order February 15, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  November Term, 2016 No. 02384

BEFORE:   OTT, STABILE, JJ., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                    **FILED JANUARY 22, 2018**

Jonathan Nadav, Appellant/Borrower, appeals from the order entered in the Court of Common Pleas denying his petition to strike and/or open the confessed judgment entered against him by Victor Gur, Appellee/Lender. After careful review, we affirm the trial court's order in all respects except on Appellant's claim for offset, which we remand to the trial court for appropriate resolution.

The trial court aptly sets forth the case history as follows:

On March 18, 2016, defendant Jonathan Nadav (hereinafter "Borrower"), executed a Commercial Judgment Promissory Note (the "Note"), containing his promise to repay certain loaned funds to plaintiff Victor Gur (hereinafter "Lender"), in a principal amount not to exceed $200,000.00.  Under the Note, Borrower agreed to pay a simple rate of interest of fifty (50%) per year, payable on a monthly basis.  Borrower also agreed to pay a default interest of two percent (2%).  In addition, the Note contained a warrant-of-attorney clause which, upon default, authorized the entry of a confessed judgment against Borrower for the full amount owing

_____
*   Former Justice specially assigned to the Superior Court.

to Lender. Specifically, the Note stated as follows in pertinent part:

> **UPON THE OCCURRENCE OF AN EVENT OF DEFAULT … [BORROWER] AUTHORIZES … ANY ATTORNEY … TO ENTER JUDGMENT AGAINST … [BORROWER] FOR THE FULL AMOUNT DUE HEREUNDER … AND … THE AMOUNT DUE HEREUNDER SHALL INCLUDE THE UNPAID PRINCIPAL SUM, INTEREST AND ALL SUMS OWED BY … [BORROWER] PURSUANT TO THIS NOTE, INCLUDING COSTS AND ATORNEY'S FEES IN THE AMOUNT OF TEN (10% PERCENT OF THE FULL AMOUNT DUE….**

On November 25, 2016, Lender confessed judgment against Borrower in the amount of $146,721.71. This amount includes the full, unpaid principal of $100,000.00, interests of $31,249.95, default interest of $2,000.00, attorney's fees of $13,325.00, and court costs of $146.76.

On December 22, 2016, Borrower filed a petition to strike or open the confession of judgment. On January 20, 2017, the Court issued an Order staying execution proceedings and directing Lender to file a response in opposition and *memorandum* to Borrower's petition to strike or open the confession of judgment. The response in opposition was timely filed, and the [trial court determined the] petition to strike or open the confessed judgment [was] ripe for a decision.

\*\*\*

On February 15, 2017, [the trial court] denied [Borrower's] petition to strike or open the confession of judgment [and lifted the stay of execution]. In the Order-and-Memorandum-Opinion denying the petition, [the court] rejected Borrower's argument that the inordinate amount of interest charged by Lender constituted a "Racketeering Activity" in violation of 18 Pa.C.S.§ 911(b) of the Crime-and-Offenses Code [the "RICO Statute"].

In the Memorandum Opinion, [the court] noted that "the express intent of the corrupt organization statute [is] to prevent infiltration of legitimate businesses by organized crime." Based on the foregoing, [the court] rejected Borrower's argument because "the petition to strike or open … [failed to even] remotely aver that the

inordinate interest charged by Lender [was] connected with an attempt by organized crime to infiltrate Lender's legitimate business.

On the same day, but nearly two hours after [the court] issued its Order-and-Memorandum Opinion, a supplemental brief appeared on its docket. The supplemental brief, filed by Borrower, reasserted the same argument contained in the petition to strike or open—namely, that the judgment should be stricken because the rate of interest contemplated under the Note was usurious and in violation of the RICO Statute. In that supplemental brief, Borrower relied upon an unpublished Opinion issued by the Pennsylvania Superior Court to support his conclusion that "[t]he purpose of the RICO Statute's interest rate limit is to prohibit loaning money to individuals at excessive interest rates." [(citing *First Surety Financial, LLC v. Taylor Associates*, LP 134 A.3d 91 (Pa.Super. 2015))].

On the following day, February 16, 2017, Borrower filed a motion for reconsideration. In that motion, Borrower asked the Court to reconsider its decision and to rule in his favor on the strength of the same argument stated the previous day in the supplemental brief. On February 22, 2017, this Court issued an Order denying the motion for reconsideration and Borrower filed an appeal.

Trial Court Order and Opinion, dated 2/15/2017, at 1-2; Trial Court Pa.R.A.P. 1925(a) Opinion, dated 3/22/2017, at 2-3.

Appellant presents the following questions for our review:

**1. WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO STRIKE THE CONFESSED JUDGMENT WHERE THE INTEREST RATE CHARGED ON THE LOAN, EFFECTIVELY 74% PER ANNUM, PLUS ATTORNEY'S FEES, WAS USURIOUS IN VIOLATION OF THE PENNSYLVANIA "CIVIL RICO" STATUTE, 18 PA.C.S.A. § 911(H)(1)(IV), WHICH DEFINES "RACKETEERING ACTIVITY," AS CHARGING INTEREST AT A RATE IN EXCESS OF 25%, AND WHERE THE INTEREST AND ATTORNEY'S FEES CHARGED WERE OTHERWISE GROSSLY EXCESSIVE AND WHERE THE COMPLAINT FAILED TO CONTAIN AN ITEMIZED**

**COMPUTATION OF THE AMOUNT ALLEGED DUE, IN VIOLATION OF PA.R.C.P. 2952(7)?**

**2. WHETHER THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING THE PETITION TO OPEN THE CONFESSED JUDGMENT WHERE THE INTEREST RATE CHARGED WAS USURIOUS, THE INTEREST AND ATTORNEY'S FEES GROSSLY EXCESSIVE, THE COMPLAINT DID NOT CONTAIN AN ITEMIZED COMPUTATION OF THE AMOUNT ALLEGED DUE, AS REQUIRED BY PA.R.C.P. 2952(7), AND THE APPELLANT ALLEGED FACTS SUFFICIENT TO SET FORTH A CLAIM FOR OFFSET OF AMOUNTS ALLEGED DUE?**

Appellant's brief at 4.

We review the trial court's order denying Appellant/Borrower's petition to strike or open for an abuse of discretion. *Neducsin v. Caplan*, 121 A.3d 498, 506 (Pa. Super. 2015). "[T]he court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason." *Id.*

"A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. [It] may be granted only for a fatal defect or irregularity appearing on the face of the record." *Knickerbocker Russell Co., Inc. v. Crawford*, 936 A.2d 1145, 1146–1147 (Pa. Super. 2007) (citations omitted). In assessing whether "there are fatal defects on the face of the record ..., a court may only look at what was in the record when the judgment was entered." *Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 917 (Pa. 1997) (quoting *Resolution Trust, Corp., v. Copley Qu–Wayne Assocs.*, 683 A.2d 269, 273 (Pa. 1996)). Therefore, the original record that is subject to review in a petition to strike a confessed judgment

- 4 -

consists only of the complaint in confession of judgment and the attached exhibits. ***See id.***

> In contrast, "if the truth of the factual averments contained in [the complaint in confession of judgment and attached exhibits is] disputed, then the remedy is by proceeding to open the judgment," not to strike it. A petition to strike a confessed judgment and a petition to open a confessed judgment are distinct remedies; they are not interchangeable. A petition to open a confessed judgment is an appeal to the equitable powers of the court. Factual disputes by definition cannot be raised or addressed in a petition to strike off a confession of judgment, because factual disputes force the court to rely on matters outside the relevant record to decide the merits of the petition.

***Midwest Fin. Acceptance Corp. v. Lopez***, 78 A.3d 614, 622–23 (Pa.Super. 2013) (internal citations omitted).

In his first issue, Appellant/Borrower argues that the trial court erred and/or abused its discretion by failing to grant his petition to strike the confessed judgment, as the annual interest rate of 50% set forth in the Note was manifestly usurious under Pennsylvania's "Civil RICO" statute, 18 Pa.C.S. § 911. Section 911(b) prohibits "Racketeering Activity," Appellant argues, and Section 911(h)(1)(iv) defines "Racketeering Activity" to include:

> (iv) The collection of money or other property in full or partial satisfaction of a debt which arose as the result of the lending or other property at a rate of interest exceeding 25% *per annum* or the equivalent rate for a longer or shorter period, where not otherwise authorized by law.

18 Pa.C.S. § 911(h)(1)(iv). By lending money at an interest rate double the statutory limit,[1] Appellant argues, Lender engaged in racketeering activity proscribed under the RICO statute, rendering the promissory note he signed patently unlawful and unenforceable, and necessitating the striking of the confessed judgment.

The trial court, however, denied that the RICO statute applied to the present loan, which was, because of its undisputed categorization as a business loan entered into by presumptively sophisticated parties of their own free accord, otherwise exempt from this Commonwealth's statutory scheme dedicated to the task of policing lending abuse, *i.e.*, the Loan Interest and Protection Law ("LIPL"), 41 P.S. §§ 101-605.[2] Specifically in this regard,

---

[1] Appellant contends that effective interest rate applicable under the note was actually 74% *per annum*, when one factors the default interest of 2% per month. Further indicative of a racketeering activity in this regard was the imposition of attorney's fees equal to 10% of the combined balance of the confessed judgment.

[2] As noted above, the lower court found instructive the non-precedential memorandum decision of a Superior Court panel in ***First Surety Financial, LLC v. Taylor Associates LP***, No. 3233 EDA 2014, unpublished memorandum (Pa.Super. filed Oct. 5, 2015). In ***First Surety***, the plaintiff/commercial lender had prevailed at bench trial on its breach of loan agreement claim against multiple defendants, including an incorporated construction company, for failure to pay the loan in full.

The defendant/borrower construction company had raised a defense that the loan agreement violated RICO's criminal usury provision at Section 911(h)(1)(iv) because it charged an interest rate of 72% *per annum*. The lower court rejected this RICO claim, opining that the PIPL's exemption of business loans from an interest rate limit also brought such loans within

Section 201 sets the lawful maximum rate of interest at 6%, but it specifically exempts business loans from its ambit. **See** 41 P.S. § 201.[3] No other provision in the LIPL limits interest rates attendant to business loans.

_____

section 911(h)(1)(iv)'s exception conferred upon loans otherwise authorized for higher rates.

Our panel affirmed, "conclud[ing] that the claims raised in [the appellant's] brief are meritless and that [the trial court's] opinions … meticulously and accurately explain why Appellant's claims fail.[] Therefore, we adopt the trial court's opinions as our own." **Id**, at *4.

The panel did, however, assume, arguendo, that "even if section 911(h)(1)(iv) were applicable to business loans, [the appellant's] claim would fail because [defendant/borrower construction company] is a Pennsylvania corporation and, under 15 Pa.C.S.A. § 1510(a), [] cannot use 'the taking of more than the lawful rate of interest … as a defense to any action or proceeding brought against it to … enforce payment of any obligation executed or effected by' it." **Id**, at *4 n. 2. Notably, the panel also held that another named defendant, sued in his individual capacity as an accommodation party to the construction company for purposes of obtaining the construction loan, likewise could not assert the defense of usury, as an accommodation party, though an individual, is entitled to only those protections available to the corporate borrower.

[3] Section 201, Maximum lawful interest rate, provides:

(a) Except as provided in Article III of this act, the maximum lawful rate of interest for the loan or use of money in an amount of fifty thousand dollars ($50,000) or less in all cases where no express contract shall have been made for a less rate shall be six per cent per annum.

(b) The maximum lawful rate of interest set forth in this section shall not apply to:

(1) an obligation to pay a sum of money in an original bona fide principal amount of more than fifty thousand dollars ($50,000);

(2) an unsecured, noncollateralized loan in excess of thirty-five thousand dollars ($35,000); or

After careful review of the complaint in confession of judgment, accompanying exhibits, and relevant law bearing on the matter, we discern no merit to the Appellant/Borrower's claim challenging the trial court's order denying the motion to strike. As noted, *supra*, the RICO act sets a maximum interest rate of 25% *per annum*, but, significantly, it waives this proscription in the event another statute authorizes rates exceeding 25%. 41 P.S. § 201, which establishes a 6% *per annum* maximum lawful rate to stem the imposition of usurious rates, specifically exempts business loans of any principal amount from this statutory limitation, effectively authorizing higher, albeit unspecified, rates in the business setting.

Given the RICO Act's self-limiting scope where higher interest rates are otherwise authorized by law, we decline to hold, as a matter of law, that the agreement between the business entities here to a 50% interest rate represented a *per se* RICO violation where the PIPL, with its focus on curbing usurious lending in this Commonwealth, expressly provides that business loans are exempt from the maximum lawful interest rate set therein.[4] Thus

_____

(3) business loans of any principal amount

41 P.S. § 201

[4] In this respect, we believe this decision, relying as it does on Appellant's status as a *bona fide* sophisticated business owner, harmonizes with principles informing both the PIPL, whose thrust is to protect "unsuspecting borrowers" from being exploited, **see Smith v. Mitchell**, 616 A.2d 17 (Pa.Super. 1992) (discussing why business loans are exempt from protections of "Usury Law" at 41 P.S. § 101 et seq.), and the Business Corporation Law, 15 Pa.C.S.A. §

discerning no fatal defect or irregularity on the face of the complaint or accompanying attachments, we find no error with the trial court's denial of Appellant/Borrower's petition to strike.

Instead, we consider the question of whether the interest rate charged ran afoul of Pennsylvania's RICO statute to be better presented within a petition to open confessed judgment, as that vehicle provides an opportunity for a defendant/borrower to present evidence supporting the allegation of a corrupt organization infiltrating a legitimate business by means of a usurious interest rate. Turning, then, to the propriety of the court's denial of Appellant's petition to open, we observe the following standard of review:

Historically, Pennsylvania law has recognized and permitted entry of confessed judgments pursuant to the authority of a warrant of attorney contained in a written agreement." ***Neducsin***, 121 A.3d at 505. In adjudicating a petition to open a confessed judgment, the trial court is charged with "determining whether the petitioner presented sufficient evidence of a meritorious defense to require submission of that issue to a jury." ***Ferrick v. Bianchini***, 69 A.3d 642, 647 (Pa. Super. 2013) (citing ***Homart Development Co. v. Sgrenci***, 662 A.2d 1092 (1995)). "When determining a petition to open a judgment, matters *dehors* the record filed by the party in whose favor the warrant is given, *i.e.*, testimony, depositions, admissions, and

---

1510(a), which goes so far as to deny altogether a corporate defendant of the "use of usury as a defense."

other evidence, may be considered by the court." *Graystone Bank v. Grove Estates, LP*, 58 A.3d 1277, 1282 (Pa. Super. 2012).

A meritorious defense is one upon which relief could be afforded if proven at trial. *Ferrick*, 69 A.3d at 647. Moreover:

> Pa.R.[C.]P. 2959(e) sets forth the standard by which a court determines whether a moving party has properly averred a meritorious defense. If **evidence is produced** which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment. Furthermore, the court must view the evidence presented in the light most favorable to the moving party, while rejecting contrary evidence of the non-moving party. The petitioner need not produce evidence proving that if the judgment is opened, the petitioner will prevail. Moreover, we must accept as true the petitioner's evidence and all reasonable and proper inferences flowing therefrom.
>
> In other words, a judgment of confession will be opened if a petitioner seeking relief therefrom **produces evidence** which in a jury trial would require issues to be submitted to a jury. The standard of sufficiency here is similar to the standard for a directed verdict, in that we must view the facts most favorably to the moving party, we must accept as true all the evidence and proper inferences in support of the defense raised, and we must reject all adverse allegations.

*Neducsin*, 121 A.3d at 506–507 (internal citations and quotation marks omitted) (emphasis added).

In charging error with the court's denial of his alternate motion to open judgment, Appellant assails the trial court's determination that it was his burden to present evidence that Lender charged the interest rate in question as part of a broader enterprise in organized crime. Specifically, the court referenced "the express intent of the corrupt organization statute to prevent

- 10 -

infiltration of legitimate businesses by organized crime[,]" and it denied that Appellant presented any evidence raising a jury question as to whether Lender's conduct fit this description. Order and Memorandum-Opinion, dated 2/15/17, at 3-4 (citing **Commonwealth v. Bobitski**, 632 A.2d 1294, 1296 (Pa. 1993).

According to the court, Appellant failed to so much as allege, let alone offer details of how, Lender was involved "in the acquisition of any interest in, or the establishment or operation of, any enterprise" through organized crime or racketeering activity." Trial Court Opinion, dated 3/22/17, at 3-5 (citing Pa.C.S.A. § 911(a) and (b)). Appellant responds that such evidence was not necessary to open the judgment where the RICO statute defines the collection on a debt charging more than 25% interest as a proscribed "racketeering activity" in and of itself.[5]

Our review of the record supports the trial court's conclusion that Appellant failed to present sufficient evidence raising a jury question as to whether Lender attempted to leverage Appellant's legitimate business in

---

[5] Initially, we note that Appellant offers this argument exclusively within his first issue challenging the court's denial of his petition to strike. He does not offer a RICO-based challenge in his second briefed issue challenging the court's denial of his petition to open confessed judgment. We may, thus, find he has waived this challenge. **See Moses Taylor Hosp. v. White**, 799 A.2d 802, 804 (Pa. Super. 2002) (observing it is well-settled that "[w]hen an appellant attempts to incorporate by reference issues addressed elsewhere and fails to argue them in his brief, the issues are waived."); **see also** Pa.R.A.P. 2119(a). Nevertheless, we decline to find waiver in this regard and elect, instead, to read his second issue in conjunction with the first, stating an integrated challenge to the court's denial of his petitions to strike and open.

violation of the RICO law. Again, other than referencing the interest rate charged, Appellant failed to offer evidence of any kind to support the allegation that Lender was acting corruptly in the making of the business loan at issue. Instead, the only evidence bearing on the relationship of the parties and the nature of the loan was that Appellant, the owner of an established business, sought a business loan from Lender, Lender provided the loan at terms agreed upon knowingly and intelligently by Appellant, Appellant failed to make a single payment of principal or interest on the loan, and Lender initiated this legal action after several months of unsuccessful attempts to collect installment payments on the loan. Even when read most favorably to Appellant as the moving party, such facts did not compel the court to open the confession of judgment.

Next, Appellant posits that the court erred in failing to open judgment where the Lender's complaint lacked sufficient information allowing one to determine how much interest was due and whether such interest conformed to the rate specified on the promissory note. This is so, Appellant argues, because the complaint neither included an itemized calculation of the amount due as required by Pa.R.C.P. 2952(7)[6] nor indicated when the disbursements of loan principal occurred. He, therefore, asks that the confession of judgment be opened to allow Lender to prove the amounts claimed as due.

_____

[6] Pa.R.C.P. 2952(7) requires that a complaint in confession of judgment contain "an itemized computation of the amount then due, based on matters outside the instrument if necessary, which may include interest and attorneys' fees authorized by the instrument."

Reviewing the pertinent record in a light most favorable to Appellant as the moving party, we conclude, nevertheless, that the record confirms Lender provided the court with copies of bank records indicating the dates on which Appellant posted loan checks for payment in the aggregate amount of $100,000.00. *See* "Plaintiff's Supplemental Memorandum of Law in Opposition to Defendant's Petition to Strike and/or Open Confessed Judgment," Exhibit I, filed 1/27/17. Accordingly, we reject Appellant's appeal to the equitable powers of the court in this regard, as an adequate basis for Lender's calculations of interest due existed at the time the court denied Appellant's petition to open confessed judgment.

Appellant's petition to open also averred that Lender came to Appellant's place of business following the alleged default and took merchandise having a value in excess of $7,000.00 without Appellant's consent. In Lender's responsive Memorandum of Law in opposition to Appellant's petition to open, Lender argued that the issue of offset was "impertinent and irrelevant to the judgment at issue[,]" and he emphasized that Appellant provided no evidence to support the contention that any such merchandise was offered or accepted as a payment towards the Note. *See* Lender's "Memorandum of Law in Opposition to Defendant's Petition to Strike And/Or Open Confessed Judgment," filed 1/27/17, at 8.

Appellant, therefore, submits it was error for the court to deny his petition without a hearing, where he had raised a legitimate factual dispute and requested a hearing to address the as to whether the amount of the loan

due should have been offset by the value of the merchandise taken. On this point, we find the equities to weigh in favor of Appellant's position that his request for a hearing should have been granted, particularly since Lender's response hardly denied acquisition of merchandise in question but, instead, asserted only that Appellant offered insufficient evidence establishing the acquisition of any such merchandise was related to the loan. Finding a factual dispute bearing upon the actual amount due on the loan, we conclude that remand is appropriate to resolve this issue.

Accordingly, we grant Appellant's petition to open confessed judgment and remand this matter for resolution of the limited question of whether Appellant's claim of offset is meritorious. In all other respects, we affirm the order of the trial court. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/22/18