J-A11008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DAN MORPHY AUCTIONS, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD MCLEAN | : | |
| | : | |
| Appellant | : | No. 1568 MDA 2024 |

Appeal from the Order Entered October 2, 2024
In the Court of Common Pleas of Berks County Civil Division at No(s):
24 10723

BEFORE:   MURRAY, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                          **FILED: MAY 20, 2025**

Donald McLean (Appellant) appeals from the order denying his petition to strike or open the judgment confessed against him, and in favor of Dan Morphy Auctions, LLC (Morphy).  After careful review, we affirm.

On May 26, 2023, Appellant and Morphy entered into a Seller's Agreement for Auction Sale of Personal Property (the Agreement), whereby Appellant sought to sell his FN M249 machine gun through an auction (the Auction) operated by Morphy.  *See* Petition to Strike or Open, 7/2/24, Exhibit 3 (Agreement).  In connection with the Agreement, the parties also executed an Advance Addendum, through which Morphy loaned Appellant $200,000.00 against the Auction proceeds (the Advance).  The Addendum provided that

_____

[*] Former Justice specially assigned to the Superior Court.

Morphy could set-off and apply Auction proceeds against the balance due on the loan. *See id.*, Exhibit 3 (Agreement), attach. D, Advance Addendum. The Advance was secured by a Promissory Note (the Note). *See id.*, Exhibit 3 (Agreement), attach. D (Promissory Note). Under the terms of the Note, Appellant agreed to pay Morphy the principal sum of $200,000.00, subject to the following requirements concerning interest:

> 1. Interest – [Morphy] shall have the right to charge an interest rate on the unpaid principal balance of this Note, from time to time outstanding, as follows: (a) subject to the provisions of (b) and (c) below, an annual rate of 0.00% per annum for the period from the date of this [N]ote to the tenth (10th) day after the date of the Auction described in the [] Agreement…; (b) if any balance due hereunder shall not be paid with[in] ten (10) days of the date of said Auction, the [rate] of interest shall be Ten Percent (10.0%) per annum calculated retroactively from the date of this Note until paid in full, notwithstanding any other rate set forth in sub-paragraph (a); (c) if any balance hereunder shall not be paid within forty-five (45) days of the date of said Auction, the rate of interest shall be Eighteen Percent (18.0%) (the "Default Rate") per annum calculated retroactively from the date of this Note until paid in full[; and] (d) for any period after [Appellant] is in default of this Note or any Loan Document, the rate of interest shall be the Default Rate. "Loan Document" shall mean the Security Agreement, Addendum to Seller's Agreement, and [the] Agreement between [Appellant] and [Morphy], of even or near date, this Note, and any other document executed by [Appellant] in connection with this Loan or the Auction described in the [] Agreement. All interest payable hereunder shall be computed on the basis of the actual number of days elapsed using a 360-day year.

*Id.*, attach. D (Promissory Note), ¶ 1.

The Note also included a confession of judgment provision:

> 6. Confession of Judgment – The following paragraph sets forth a warrant of attorney to confess judgment against [Appellant]. In granting this warrant of attorney to confess judgment against

[Appellant], [Appellant] hereby knowingly, intentionally, voluntarily, and with opportunity for advice of separate counsel, unconditionally waives any and all rights [Appellant] has or may have to prior notice and an opportunity for hearing under the respective constitutions and laws of the United States and the Commonwealth of Pennsylvania.

a. UPON THE OCCURRENCE OF ANY DEFAULT BY [APPELLANT], [APPELLANT] HEREBY IRREVOCABLY AUTHORIZES AND EMPOWERS THE PROTHONOTARY, ANY ATTORNEY, OR ANY CLERK OF ANY COURT OF RECORD, WITH OR WITHOUT DEFAULT, AT ANY TIME TO APPEAR FOR AND CONFESS JUDGMENT AGAINST [APPELLANT] FOR SUCH SUMS AS ARE DUE AND/OR MAY BECOME DUE UNDER THIS NOTE, INCLUDING INTEREST AT THE RATE SPECIFIED HEREIN ON THE UNPAID PRINCIPAL SUM, WHICH INTEREST SHALL ACCRUE BEFORE AND AFTER ENTRY OF JUDGMENT, TOGETHER WITH COSTS OF SUIT, AND WITH TEN PERCENT (10%) OF THE AMOUNT OF SUCH JUDGMENT, BUT NOT LESS THAN ONE THOUSAND DOLLARS ($1,000.00), ADDED FOR ATTORNEY'S COLLECTION FEES, ON WHICH JUDGMENT OR JUDGMENTS ONE OR MORE EXECUTIONS MAY ISSUE IMMEDIATELY; AND FOR SO DOING **THIS NOTE OR A COPY OF THIS NOTE VERIFIED BY AFFIDAVIT SHALL BE SUFFICIENT WARRANT**. THE AUTHORITY GRANTED IN THIS NOTE TO CONFESS JUDGMENT AGAINST [APPELLANT] SHALL NOT BE EXHAUSTED BY ANY EXERCISE OF THAT AUTHORITY, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF ALL AMOUNTS DUE UNDER THIS NOTE. [**APPELLANT**] **HEREBY KNOWINGLY AND VOLUNTARILY WAIVES ANY RIGHT THE UNDERSIGNED MAY HAVE TO NOTICE OR TO A HEARING IN CONNECTION WITH ANY CONFESSION OF JUDGMENT OR EXECUTION THEREON**, AND WAIVES AND RELEASES ALL ERRORS AND ALL RELIEF FROM ANY AND ALL FUTURE STAY OR EXEMPTION LAWS.

b. [Appellant] hereby waives presentment for payment, demand, protest, notice of dishonor and diligence in collection and waives any right to be released by reason of any extension of time or change in terms of payment. In the event of any default by [Appellant], [Appellant] shall pay all court costs and reasonable attorney's fees incurred by [Morphy] in enforcement of the obligations of [Appellant].

*Id.*, attach. D (Promissory Note), ¶ 6 (bold emphasis added).

On June 6, 2024, Morphy filed a complaint in confession of judgment, seeking recovery of the principal balance under the Note, as well as any accrued interest and attorneys' fees. Morphy alleged the following:

6. The Auction took place on September 17, 2023.

7. [Appellant] defaulted under the Note by failing to pay the remaining principal and interest due under the Note on or before September 17, 2023.

8. Under the Note, Morphy[] is entitled to charge [Appellant] a default rate of interest of eighteen percent (18%) per annum, calculated from the date of the Note and continuing until the balance is paid in full …, on any unpaid principal balance of the Note remaining due more than forty-five (45) days after the date of the Auction.

9. [Appellant] has failed or refused to pay the Note, leaving the entire principal balance remaining unpaid and due, and more than forty-five (45) days ha[ve] passed since the Auction was held on September 17, 2023.

10. As a result of [Appellant's] default under the Note for failure to make payment when due, Morphy[] has made demand upon [Appellant] for the unpaid principal balance and all accrued and unpaid interest due, which [Appellant] has failed and refused to pay.

11. The Note is also payable on demand, together with interest as provided therein.

12. [Appellant] is in further default under the Note for failing to pay the principal and interest due after demand therefor by Morphy[].

13. Under the Note, interest on any unpaid balance for any period in which [Appellant] is in default shall accrue and be charged at the Default Rate.

14. Under the Note, all interest payable thereunder "shall be computed on the basis of the actual number of days elapsed using a 360-day year."

15. The Note authorizes confession of judgment against [Appellant] for all sums due and which may become due under the Note, including accrued and continuing interest, costs of suit, and attorneys' commission of ten (10%) percent of the unpaid principal balance plus accrued interest for attorneys' collection fees, plus the cost of any legal proceedings.

Complaint, 6/6/24, ¶¶ 6-15. Morphy alleged that as of May 24, 2024, Appellant owed Morphy a total of $459,291.25, plus continuing interest at $98.13 per diem, as well as the costs of suit. *Id.*, ¶ 16. Morphy attached to its complaint a verification executed by Dan Morphy, the president of Morphy, and a copy of the Note. *Id.*, attach. D (the Note). On the same date Morphy filed its complaint, the Prothonotary confessed judgment against Appellant.

On July 2, 2024, Appellant filed a petition to strike off or open the confessed judgment, attaching thereto copies of emails between the parties, the Agreement, the Note, and various other documents. Appellant asserted Morphy failed to attach the parties' complete agreement in violation of Pa.R.C.P. 2952(a)(2),[1] instead attaching only the Note. Petition to Open or

---

[1] Rule 2952 requires that a complaint contain, in part,

the original or a photostatic copy or like production of the instrument showing the defendant's signature; if the original is not attached, an averment that the copy attached is a true and correct reproduction of the original; if neither the original nor a reproduction can be attached, an explanation why they are not available[.]

*(Footnote Continued Next Page)*

Strike, 7/2/24, ¶¶ 70-72. Appellant claimed Morphy did not provide Appellant with written notice of his default, as required by the Agreement. *Id.*, ¶¶ 75-76; *see also id.*, Exhibit 3 (Agreement) (providing, "If [Appellant] (i) breaches any of the representations or warranties set forth in this Agreement; or (ii) fails to perform or observe any of the terms or conditions contained in this Agreement within ten (10) days after written notice from Morphy, in addition to any rights or remedies that are set forth elsewhere in this Agreement, Morphy [may] pursue any applicable legal and equitable rights and remedies, and in addition thereto shall have the right to terminate this Agreement."). Appellant also asserted Morphy breached the Agreement by failing to set off the Auction proceeds against the Advance. *See id.*, ¶¶ 87-91. In the alternative, Appellant asserted the defenses of 1) accord and satisfaction, 2) novation, and 3) estoppel. *See id.*, ¶¶ 92-98.

Further, Appellant filed a counterclaim, asserting causes of action alleging 1) breach of contract as to the Agreement, 2) breach of contract, and 3) unjust enrichment. *See id.*, ¶¶ 100-20.[2] Appellant requested 120 days to

---

Pa.R.C.P. 2952(a)(2).

[2] In support of his counterclaim, Appellant averred Morphy materially misrepresented the condition of his firearm prior to the Auction and failed to correct the catalog listing after Appellant informed Morphy of the misrepresentation. *See* Petition to Strike or Open, 7/2/24, ¶¶ 37-44, 103(b), 118-19. Appellant also asserted John Keene, Morphy's "Firearms & National Firearms Act (Class III) Specialist," represented to Appellant that Ian
*(Footnote Continued Next Page)*

complete discovery, and asked the court to stay execution of the confessed judgment pending adjudication of all claims.

Morphy filed a response opposing Appellant's petition to strike or open and an answer to Appellant's counterclaim with new matter. The trial court heard oral argument on September 23, 2024. Subsequently, on October 2, 2024, the court entered an order denying Appellant's petition to strike or open.

Appellant filed a timely notice of appeal. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues for review:

> I. Did the trial court abuse its discretion by denying [Appellant's] petition to strike the confessed judgment because: (a) Morphy failed to attach to its complaint the complete instrument [by] which it sought to confess judgment against [Appellant]; and (b) Morphy failed to allege facts that, if proven, would show that Morphy gave [Appellant] 10 days' written notice before confessing judgment against [Appellant]?
>
> II. Did the trial court abuse its discretion by denying [Appellant's] petition to open the confessed judgment[,] when [Appellant] presented evidence of multiple meritorious defenses, including a counterclaim that not only would reduce Morphy's judgment but also result in a monetary judgment for [Appellant]?

Appellant's Brief at 4-5 (capitalization modified).

---

McCollum (McCollum), a firearms blogger and YouTube content creator, would feature Appellant's FN M249 in a promotional video; McCollum did not produce a video. *Id.*, ¶¶ 8, 10-13, 45-46. Appellant alleged that either or both of these failures led to the "disappointing result" from the Auction. *Id.*, ¶ 56; *see also id.*, ¶¶ 47 (asserting Morphy's public listing estimated the firearm's worth at $600,000 to $1,200,000), 62 (averring Appellant received $490,000 for the sale of his FN M249 firearm).

In his first issue, Appellant argues the "instrument" for purposes of Pa.R.C.P. 2952(a)(2) is the Agreement, including all attachments and addenda, rather than the Note itself. Appellant's Brief at 21; *see also id.* ("[T]he Note is only part of the Agreement; it cannot be separated from the Agreement."). Appellant claims Morphy's failure to attach the complete Agreement is a fatal defect. *Id.* at 23. Additionally, Appellant claims Morphy failed to establish it had provided Appellant with written notice of his default. *Id.* at 22-23.

"An appeal regarding a petition to strike a default judgment implicates the Pennsylvania Rules of Civil Procedure." *Bank of N.Y. Mellon v. Johnson*, 121 A.3d 1056, 1059 (Pa. Super. 2015) (citation omitted). Because such a claim raises a question of law, "our standard of review is *de novo* and our scope of review is plenary." *Oswald v. WB Public Square Assocs., LLC*, 80 A.3d 790, 793 (Pa. Super. 2013).

> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. **A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record.** A petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is *void ab initio*. When deciding if there are fatal defects on the face of the record for the purposes of a petition to strike a [confessed] judgment, a court may only look at what was in the record when the judgment was entered.

***Johnson***, 121 A.3d at 1060 (citation and some brackets omitted; emphasis added).

Further,

> [i]n considering the merits of a petition to strike, **the court will be limited to a review of only the record as filed by the party in whose favor the warrant is given,** *i.e.,* **the complaint and the documents which contain confession of judgment clauses**. Matters *dehors* the record filed by the party in whose favor the warrant is given will not be considered.

***Midwest Fin. Acceptance Corp. v. Lopez***, 78 A.3d 614, 623 (Pa. Super. 2013) (citation omitted; emphasis added).

Instantly, the trial court concluded "the verified complaint is relatively straightforward, and it meets the pleading requirements of Pa.R.C.P. 2952 in form and content." Trial Court Opinion, 12/23/24, at 7. The trial court emphasized that the Note is the instrument which set forth the terms for lending and repayment between the parties and bestowed upon Morphy the warrant of attorney to confess judgment against Appellant. ***Id.*** The court also explained:

> Even if the Note references other documents, such as the [] Agreement or the other two Loan Documents, [Appellant's] payment obligations under the Note are not contingent upon Morphy's performance under those agreements, and Morphy was not obligated to attach them.

***Id.*** at 8 n.8; ***see also id.*** (stating the additional documents do not contain material provisions pertinent to the confession of judgment).

As the trial court correctly points out, Appellant does not dispute that Exhibit 3, attached to Morphy's complaint, is a true and correct copy of the

Note, nor does he challenge the validity of the confession of judgment provision. *Id.* Appellant has supplied no authority to support his bald assertion that Morphy was required under Rule 2952(a)(2) to attach a copy of the Agreement to its complaint,[3] and we have found none. As stated *supra*, the trial court was limited to review of "the complaint and the documents which contain confession of judgment clauses[,]" *i.e.*, the Note. **Midwest**, 78 A.3d at 623. We agree with the trial court that there is no fatal defect or irregularity appearing on the face of the record. Thus, the trial court did not err by denying Appellant's petition to strike without prior notice to Appellant. Appellant's first claim merits no relief.

In his second issue, Appellant claims the trial court abused its discretion by refusing to open the confessed judgment. Appellant's Brief at 24. Appellant argues he asserted meritorious defenses to the allegations in Morphy's complaint. **Id.** at 25-27; **see also id.** at 27-29 (contending Appellant raised the following meritorious defenses: 1) Morphy breached the Agreement by failing to set off Auction proceeds against the Advance; 2) accord and satisfaction; 3) novation; and 4) estoppel). According to

---

[3] Indeed, in his argument on this issue, Appellant cites only to broad principles underlying petitions to strike off confessed judgments. **See** Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."); **see also Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 781 (Pa. Super. 2015) (*en banc*) (stating that when an appellant cites no authority to support an argument, "this Court is inclined to believe there is none.").

- 10 -

Appellant, the trial court ignored the defenses he raised in the petition to strike or open and failed to view the facts alleged in the light most favorable to Appellant. *Id.* at 29-30. Appellant also argues that by denying his petition to open, the trial court improperly prohibited him from prosecuting his counterclaim. *Id.* at 30-32; *see also id.* at 31 (claiming the court incorrectly concluded Appellant's counterclaim was irrelevant to the issue of his repayment obligations under the Note).

We review the trial court's denial of Appellant's petition to open the confessed judgment for an abuse of discretion. *See Neducsin v. Caplan*, 121 A.3d 498, 506 (Pa. Super. 2015).

> [A] petition to open a [confessed] judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear, manifest abuse of discretion, it will not be disturbed on appeal. An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will.

*Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 175 (Pa. Super. 2009) (citation omitted).

> The trial court may open a confessed judgment if the petitioner (1) acts promptly, (2) alleges a meritorious defense, **and** (3) can produce sufficient evidence to require submission of the case to a jury.

*Neducsin*, 121 A.3d at 506 (citation and quotation marks omitted; emphasis in original). "When determining a petition to open a judgment, matters *dehors* the record filed by the party in whose favor the warrant is given, *i.e.*, testimony, depositions, admissions, and other evidence, may be considered

- 11 -

by the court." ***Gur v. Nadav***, 178 A.3d 851, 858 (Pa. Super. 2018) (citation and quotation marks omitted).

Instantly, in his appellate brief, Appellant fails to address the requirements that he acted promptly to open the confessed judgment, and that he can produce sufficient evidence to require submission of the case to a jury. Further, beyond references to the basic standard for opening a confessed judgment, Appellant's argument includes only minimal citation to relevant legal authorities. ***See*** Pa.R.A.P. 2119(a). Nevertheless, we address Appellant's claim.

Our review discloses that Appellant acted promptly in filing his petition to strike or open within one month after entry of the confessed judgment. ***See*** Pa.R.C.P. 2959(a)(3) ("If written notice is served upon the petitioner …, the petition shall be filed within thirty days after such service. Unless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied."); ***see also*** Trial Court Opinion, 12/23/24, at 8 (acknowledging Appellant "acted reasonably promptly").

Turning to the next requirements, "[a] meritorious defense is one upon which relief could be afforded if proven at trial." ***Neducsin***, 121 A.3d at 506 (citation omitted); ***see also*** Pa.R.C.P. 2959(e) (directing a court to open a confessed judgment "[i]f evidence is produced which in a jury trial would require the issues to be submitted to the jury").

> Furthermore, the court must view the evidence presented in the light most favorable to the moving party, while rejecting contrary

- 12 -

evidence of the non-moving party. The petitioner need not produce evidence proving that if the judgment is opened, the petition will prevail. Moreover, we must accept as true the petitioner's evidence and all reasonable and proper inferences flowing therefrom.

*Neducsin*, 121 A.3d at 506-07 (citations omitted).

In its opinion, the trial court concluded that Appellant failed to allege a meritorious defense:

> [Appellant] raises only collateral issues with Morphy's actions in advertising and conducting the Auction. **He does not claim material breach of the Note—to the contrary, [Appellant] admits receiving the money and, presumably, retaining it, as [he] has not repaid the principal sum.**
>
> As previously stated, although [Appellant's] complaints certainly may be litigated on the merits in a separate action, the facts set forth in the petition [to strike or open] and counterclaim are not relevant to the question of whether [Appellant] owed the $200,000.00 sum and/or when repayment was made in accordance with the terms of the Note.[FN] [Appellant] realized the benefit of substantial funds in advance of a realized sale. Under the same instrument that provided for that advance, [Appellant] agreed upon how and when those funds would be repaid. Nothing in the Note states that repayment is contingent upon Morphy achieving a certain price, or otherwise conducting the Auction in a specific manner to [Appellant's] satisfaction.
>
> ---
>
> [FN] Functionally[, Appellant] asks the trial court to endorse the validity of his breach [of contract] claims against Morphy or, at a minimum, deprive Morphy of repayment on the terms set forth in the Note until such time as [Appellant] can litigate his standalone breach claim(s) under one or more of the Loan Documents.

Trial Court Opinion, 12/23/24, at 8-9 (emphasis added; some capitalization modified; one footnote in original; one footnote omitted). After review, we agree that Appellant failed to allege a meritorious defense.

- 13 -

As we stated in connection with Appellant's first claim, *supra*, Appellant has not raised a challenge to the form or validity of the confession of judgment provision. Further, Appellant does not dispute that he executed the Note securing the Advance or that he received the $200,000.00 Advance. Appellant does not allege that he made any payments to the principal or interest as required by the Note, and therefore, **he does not dispute his default**. Moreover, Morphy's complaint properly itemized the amount due under the Note as a result of Appellant's default (including the $200,000.00 principal balance; interest totaling $35,719.32; 10% attorneys' fees totaling $23,571.93; continuing interest at a daily rate of $98.13; and costs of suit). Appellant does not challenge Morphy's calculations of the amounts due under the Note. In sum, Appellant raised no dispute to factual averments in Morphy's complaint or attached exhibits. *See Dominic's Inc. v. Tony's Famous Tomato Pie Bar & Rest., Inc.*, 214 A.3d 259, 267 (Pa. Super. 2019) ("If the truth of the factual averments contained in the complaint in confession of judgment and attached exhibits are disputed, then the remedy is by proceeding to open the judgment.").

Moreover, the crux of each of Appellant's proposed defenses hinges on his assertion that Morphy was contractually required to set off the Auction proceeds against the Advance, and in failing to do so, Morphy forfeited its

ability to enforce the Note.[4] Because Appellant raises an issue of contract interpretation, his argument presents a question of law for the trial court, rather than an issue of fact to be submitted to a jury. *See Pops PCE TT, LP v. R & R Rest. Group, LLC*, 208 A.3d 79, 87 (Pa. Super. 2019) (stating that the appellant's issue "present[ed] a question of contract interpretation for the trial court, *not* an issue of fact to be submitted to a jury." (emphasis in original)); *Neducsin*, 121 A.3d at 507 ("The trial court can make this decision as a matter of law when the defense presented is without adequate substance, because contract construction and interpretation is generally a question of law for the court to decide."). We agree with the trial court's conclusion that Appellant failed to produce evidence in support of a meritorious defense. Thus, we discern no error of law or manifest abuse of the trial court's discretion in declining to open the confessed judgment. Appellant is not entitled to relief on this claim.

_____

[4] We acknowledge that the Advance Addendum includes the following provision:

> 1. Advance Against Proceeds. [Morphy] shall, upon receipt of the items set forth in the [] Agreement, pay to [Appellant] the Advance, which shall set-off against the total auction proceeds due to [Appellant]. …

Petition to Strike or Open, 7/2/24, Exhibit 3 (Agreement), attach. D, Advance Addendum. However, the Note—the sole instrument upon which Morphy was entitled to seek a confessed judgment—provides that "[Morphy] **may** setoff and apply against the balance due hereunder, in accordance with the provisions of the Loan Documents, all Auction proceeds[.]" Complaint, 6/6/24, Exhibit A (Note) (emphasis added).

J-A11008-25

Order affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 05/20/2025