J-S02028-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| GOLDMAN SACHS BANK USA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CATHERINE CHASE | : | |
| | : | |
| Appellant | : | No. 999 EDA 2025 |

Appeal from the Judgment Entered July 3, 2025
In the Court of Common Pleas of Carbon County Civil Division at No(s):
23-0019

BEFORE:  NICHOLS, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED MARCH 17, 2026**

Catherine Chase (Appellant) appeals from the judgment entered against her and in favor of Goldman Sachs Bank USA (Goldman Sachs), following a non-jury trial on Goldman Sachs's claim that Appellant defaulted on an installment loan agreement (the Agreement).  We affirm.

On January 4, 2023, Goldman Sachs filed a complaint against Appellant, alleging Appellant breached the terms of the Agreement by failing to make required monthly payments after Goldman Sachs loaned her $30,000.00. Appellant filed an answer and new matter in which she averred, *inter alia*, that she never entered into "any agreement with [Goldman Sachs] for any loan of any kind[,] nor did she authorize anyone on her behalf to do so."  Answer and New Matter, 2/24/23, ¶ 4.

The matter was scheduled for a non-jury trial on January 10, 2025. On that date, before trial commenced, Appellant orally moved to dismiss the case for lack of subject matter jurisdiction. *See* N.T., 1/10/25, at 3-5. Appellant relied on Section 12(a) of the Agreement, which provides as follows:

> Except as provided in Section 12(b)[1] below, this Agreement shall be governed by and construed in accordance with federal law and any applicable laws of the State of Utah without regard to rules concerning conflicts of law or choice of law.

Agreement § 12(a) (footnote added). The trial court took the subject matter jurisdiction issue under advisement, and the matter proceeded to trial. *See* N.T., 1/10/25, at 8-9; *see also id.* at 6 (Appellant's counsel agreeing that Section 12(a) would not apply if the trial court credited Appellant's contention that she never signed the Agreement).

Julie Welsh (Ms. Welsh), a Goldman Sachs records custodian, testified that, on May 17, 2018, Appellant electronically signed the Agreement and Goldman Sachs disbursed a loan of $30,000.00. *Id.* at 13-16. According to Ms. Welsh, Appellant initially made nine monthly installment payments to Goldman Sachs, but stopped making payments after April 2019. *Id.* at 16. Ms. Welsh testified that, at the time of trial, Appellant owed a balance of $24,163.28. *Id.* at 17. Appellant testified that she did not enter into the

---

[1] Section 12(b) provides that if Appellant is a New York resident, the Agreement will be governed by federal law and New York law. *See* Agreement § 12(b). It is undisputed that Appellant is not a New York resident, and Section 12(b) does not apply.

Agreement, "and blamed her late husband … for doing so without her knowledge." Trial Court Opinion, 6/11/25, at 3; **see also id.** at 5-9 (trial court finding Ms. Welsh's testimony credible and Appellant's testimony not credible).

After the close of testimony, the parties submitted briefs on, *inter alia*, the subject matter jurisdiction issue. On March 12, 2025, the trial court entered a non-jury verdict for Goldman Sachs in the amount of $24,163.28.[2] **Appellant did not file a post-trial motion**.

On April 10, 2025, Appellant filed a notice of appeal to this Court. Appellant timely filed a court-ordered concise statement of matters complained of on appeal under Pa.R.A.P. 1925(b). The trial court filed an opinion under Rule 1925(a).

On June 12, 2025, this Court directed Appellant to show cause why her appeal should not be quashed or dismissed. We noted Appellant had not filed a post-trial motion, and it therefore "appear[ed] that all issues have been waived." Order, 6/12/25 (citing Pa.R.C.P. 227.1). Rule 227.1 "requires parties to file post-trial motions in order to preserve issues for appeal. If an issue has not been raised in a post-trial motion, it is waived for appeal

---

[2] The trial court did not explicitly rule on Appellant's oral motion challenging its subject matter jurisdiction; its verdict in Goldman Sachs's favor implicitly denied the motion. **See** Trial Court Opinion, 6/11/25, at 9-10 (rejecting Appellant's subject matter jurisdiction challenge).

purposes." *Matthew 2535 Props., LLC v. Denithorne*, 313 A.3d 223, 232 (Pa. Super. 2024) (*en banc*) (citation omitted).

On June 26, 2025, Appellant filed a response to the show-cause order. Appellant represented that she sought to appeal only the issue of subject matter jurisdiction, and argued challenges to subject matter jurisdiction cannot be waived. *See* Response, 6/26/25, at 1-2 (citing *Commonwealth v. Little*, 314 A.2d 270, 272 (Pa. 1974) ("An objection to lack of subject matter jurisdiction can never be waived; it may be raised at any stage in the proceedings by the parties or by a court in its own motion.")). This Court discharged the rule to show cause and referred the issue to the merits panel.[3] We address below, in connection with each of Appellant's issues, whether the issue has been waived.

Appellant presents the following issues for our review:

1. Where [Goldman Sachs] filed a complaint which alleged that the [Agreement] … contains a "Governing Law" provision[], stating that [the Agreement] shall be governed [by] and construed in accordance with federal law and any applicable laws of the State of Utah, and [Goldman Sachs] commenced this action in Pennsylvania rather than the state of Utah or in federal court[,]

---

[3] We also directed Appellant to praecipe the trial court to enter judgment on the verdict, noting that the entry of judgment is a prerequisite to the exercise of this Court's jurisdiction. *See* Order, 7/1/25 (citing *Johnston the Florist, Inc. v. TEDCO Const. Corp.*, 657 A.2d 511, 514 (Pa. Super. 1995) (*en banc*)). Where an "appeal was filed prior to the entry of judgment, it is clear that jurisdiction in appellate courts may be perfected … upon the docketing of a final judgment." *Johnston the Florist*, 657 A.2d at 513. Appellant thereafter filed the appropriate praecipe, and the trial court entered judgment on July 3, 2025. We have revised the caption to reflect that the appeal lies from the entry of judgment.

- 4 -

does the Court of Common Pleas of Carbon County have jurisdiction to hear and decide this claim?

2. Where the purported [A]greement allegedly signed by [Appellant] contained clauses such as one that required [Appellant] to be notified of the availability of arbitration by [Goldman Sachs,] but no such notice was ever given, has [Goldman Sachs] violated its own [A]greement and failed to comply with a mandatory condition precedent to the pursuit of its claim against [Appellant]?

3. Where the testimony was unrebutted that [Appellant] alleged that her late husband did [mis]appropriate her identify to apply for and use a credit account with [Goldman Sachs], is [Appellant] responsible [for the debt] when she never knew of the loan application, nor saw any of the mon[ey] applied for[,] nor had access to the account into which [the money] was deposited[,] since everything was done online and [Appellant] did not have a computer nor know how to use one?

Appellant's Brief at 8-9 (issues reordered).

In her first issue, Appellant argues the trial court lacked subject matter jurisdiction over this dispute because Section 12(a) of the Agreement provides that the Agreement "shall be governed by and construed in accordance with federal law and any applicable laws of the State of Utah…."  Appellant's Brief at 21 (quoting Agreement § 12(a)).  Appellant maintains that, "[a]ccording to this [provision], this case should have been brought in federal court or in a Utah state court."  *Id.*  Appellant asserts that a federal court or Utah court "would have subject matter jurisdiction," but "a court in Carbon County" did not.  *Id.*

> The test for whether a court has subject matter jurisdiction inquires into the competency of the court to determine controversies of the general class to which the case presented for consideration belongs.  Thus, as a pure question of law, the

standard of review in determining whether a court has subject matter jurisdiction is *de novo* and the scope of review is plenary.

***Beneficial Consumer Disc. Co. v. Vukman***, 77 A.3d 547, 550 (Pa. 2013).

The want of jurisdiction over the subject matter may be questioned at any time. It may be questioned either in the trial court, before or after judgment, or for the first time in an appellate court, and it is fatal at any stage of the proceedings, even when collaterally involved.

***Turner v. Est. of Baird***, 270 A.3d 556, 560 (Pa. Super. 2022) (citation and brackets omitted).

Article V, Section 5 of the Pennsylvania Constitution provides that "[t]here shall be one court of common pleas for each judicial district … having unlimited original jurisdiction in all cases except as may otherwise be provided by law." PA. CONST. art. 5, § 5; *see also* 42 Pa.C.S.A. § 931(a) ("Except where exclusive original jurisdiction of an action or proceeding is by statute or by general rule … vested in another court of this Commonwealth, the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings…."); ***Green Acres Rehab. & Nursing Ctr. v. Sullivan***, 113 A.3d 1261, 1269 (Pa. Super. 2015) (observing that the courts of common pleas have jurisdiction over, *inter alia*, breach of contract actions).

It is well-established "that subject matter jurisdiction and venue are distinct concepts." ***Midwest Fin. Acceptance Corp. v. Lopez***, 78 A.3d 614, 627 (Pa. Super. 2013).

Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented. Jurisdiction is

a matter of substantive law. 42 Pa.C.S.[A.] § 931(a) (defining the unlimited original jurisdiction of the courts of common pleas).

Venue relates to the right of a party to have the controversy brought and heard in a particular judicial district. Venue is predominately a procedural matter, generally prescribed by [procedural] rules…. 42 Pa.C.S.[A.] § 931(c). Venue assumes the existence of jurisdiction. 42 Pa.C.S.[A.] § 931(b) (referencing rules for change of venue in cases within the jurisdiction of courts of common pleas)….

**Midwest Fin. Acceptance Corp.**, 78 A.3d at 627 (quoting **Schultz v. MMI**

**Prod., Inc.**, 30 A.3d 1224, 1227 (Pa. Super. 2011)).

As a matter of procedure, and not substantive law, venue is considered a personal privilege belonging to the defendant and can be waived by failing to raise an objection to venue in timely filed preliminary objections[,] or waived by written agreement[,] or waived by tacit agreement through participation in the proceedings. **See** Pa.R.C.P. 1028(a)(1); Pa.R.C.P. 1003, **Commonwealth v. Bethea**, 828 A.2d 1066, 1073 n. 3 (Pa. 2003) ("Jurisdiction of subject matter can never attach nor be acquired by consent or waiver of the parties, while venue may always be waived").

**Midwest Fin. Acceptance Corp.**, 78 A.3d at 628 (one citation modified).

"A forum selection clause in a contractual provision limits the place or court in which an action may be brought." **Id.** (citation omitted). Regarding forum selection clauses, Pennsylvania law provides

that, while private **parties may not by contract prevent a court from asserting its jurisdiction or change the rules of venue**, nevertheless, **a court in which venue is proper <u>and which has jurisdiction</u>** should decline to proceed with the cause when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation.

**Id.** (citation omitted; emphasis added).

Instantly, the trial court analyzed Appellant's first claim as follows in its Rule 1925(a) opinion:

> A "forum selection" provision is a contractual provision which limits the court or locale where litigation can be commenced, *see Midwest Fin. Acceptance Corp.*, 78 A.3d at 628, whereas a "governing law" provision is one [that] determines which state laws would apply to the contract's terms. *See Beemac Trucking, LLC v. CNG Concepts, LLC*, 134 A.3d 1055 (Pa. Super. 2016).
>
> The [Agreement in the instant case] contains a governing law provision. This governing law provision, in pertinent part, reads as follows: "Except as provided in Section 12(b) below, this Agreement shall be **governed by and construed in accordance with** federal law and any applicable laws of the State of Utah without regard to rules concerning conflict of law or choice of law." [Agreement § 12(a).] Nowhere does this … provision dictate that "venue" must be in some jurisdiction in Utah and not in Carbon County, Pennsylvania; it only states that the applicable laws of the State of Utah apply.
>
> Thus, th[e trial c]ourt believes that pursuant to the applicable rules of civil procedure, a court of Carbon County, Pennsylvania, may exercise both venue and subject matter jurisdiction absent a forum selection provision in the contract at issue.

Trial Court Opinion, 6/11/25, at 9-10 (footnotes omitted; some citations modified; emphasis added).

We agree with the trial court that it had subject matter jurisdiction over the instant case. Though phrased as a challenge to the trial court's subject matter jurisdiction, Appellant's argument fails to address the concept of subject matter jurisdiction. *See* Appellant's Brief at 20-21. Appellant does not argue that the trial court was incompetent "to determine controversies of the general class to which the case presented for consideration belongs,"

**Beneficial Consumer Disc. Co.**, 77 A.3d at 550, but merely contends the Agreement called for a different forum. Appellant cites no authority suggesting that either forum selection clauses or governing law clauses in contracts implicate a court's subject matter jurisdiction. **See generally** Appellant's Brief; **see also Kalili v. State Farm Fire & Cas. Co.**, 330 A.3d 396, 406 (Pa. Super. 2024) ("This Court will not act as counsel and will not develop arguments on behalf of an appellant."); Pa.R.A.P. 2119(a) (requiring discussion and citation of pertinent authorities).[4]  Our review discloses no impediment to the trial court's subject matter jurisdiction.  To the extent that Appellant's first issue challenges subject matter jurisdiction, the issue merits no relief.[5]

_____

[4] We further observe that Appellant cites no authority regarding forum selection clauses or governing law clauses generally—irrespective of their bearing on subject matter jurisdiction—and fails to address the trial court's determination that Section 12(a) is not a forum selection clause. **See generally** Appellant's Brief.  While we agree with the trial court that Section 12(a) is not a forum selection clause and lends no support to a forum challenge, we note that Appellant waived any forum challenge by failing to raise it in preliminary objections. **See Midwest Fin. Acceptance Corp.**, 78 A.3d at 628.  Even if Appellant had properly raised such a challenge via preliminary objections, her failure to file a post-trial motion would have resulted in waiver of the issue on appeal. **See Matthew 2535 Props., LLC**, 313 A.3d at 232.

[5] As part of her first issue, Appellant's brief separately argues that the trial court erred by not applying either federal law or Utah law. **See** Appellant's Brief at 21-22.  This argument is waived on multiple grounds, including Appellant's failure preserve it in a post-trial motion, **see** Pa.R.C.P. 227.1; identify it in her Rule 1925(b) statement, **see Hess v. Fox Rothschild, LLP**, 925 A.2d 798, 803 (Pa. Super. 2007) ("[A]ny issue not raised in an appellant's
*(Footnote Continued Next Page)*

We address Appellant's remaining issues together. In her second issue, Appellant argues she was discharged from liability because Goldman Sachs materially breached the Agreement by failing to send a "Claim Notice" to Appellant, as called for by Section 18(b).[6] ***See*** Appellant's Brief at 23-27. In

_____

Rule 1925(b) statement will be deemed waived for purposes of appellate review."); or develop it in her brief with discussion and citation of pertinent authority, ***see Santander Bank, N.A. v. Ansorge***, 327 A.3d 259, 265 (Pa. Super. 2024) (stating that "an appellant waives any issue he fails to develop sufficiently," and "[f]ailure to cite relevant legal authority constitutes waiver of the claim on appeal."). We observe that Appellant cites no federal or Utah law, and fails to argue that application of federal or Utah law would have produced a different result below. ***See*** Appellant's Brief at 21-22.

[6] Section 18(b) of the Agreement provides, in part, as follows:

> Before beginning a lawsuit, mediation, or arbitration, you and we agree to send a notice (a "Claim Notice") to each party against whom a Claim is asserted. The Claim Notice will give you and us a chance to resolve our dispute informally or in mediation. The Claim Notice must describe the Claim and state the specific relief demanded. Notice to you may be sent to your billing address or emailed to you. Our sending a billing statement to you, or sending you any other communication advising you that you are delinquent, also constitutes a Claim Notice.

Agreement § 18(b). We observe that Appellant's argument on this issue fails to specify any trial court error, and our review discloses Appellant never raised the issue in the trial court. ***See*** Appellant's Brief at 23-27; ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Further, Appellant's vague Rule 1925(b) statement failed to adequately identify Section 18(b) of the Agreement, resulting in the trial court's Rule 1925(a) opinion addressing an entirely different provision. ***See*** Rule 1925(b) Statement, 5/19/25, ¶ 3 (stating the Agreement "contained clauses such as one that required [Appellant] to be notified of the availability of arbitration by [Goldman Sachs]…."); Trial Court Opinion, 6/11/25, at 10-11 (opining that Appellant failed to elect arbitration under Section 18(d) of the Agreement, which provides that either party "may

*(Footnote Continued Next Page)*

her third issue, Appellant argues the evidence presented at trial did not establish that she entered into the Agreement; rather, she contends the evidence showed her late husband "forged her name" on the Agreement.[7] *Id.* at 14; *see also id.* at 13-20. Appellant does not argue that either of these issues implicates the trial court's subject matter jurisdiction. *See id.* at 13-20, 23-27. Accordingly, as a result of Appellant's failure to file a post-trial motion, both issues are waived for appellate review. *See Matthew 2535 Props., LLC*, 313 A.3d at 232.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/17/2026

---

elect to resolve any Claim by individual binding arbitration." (trial court's emphasis)); *see also Hess*, 925 A.2d at 803-04 ("When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues," and the issues may be deemed waived).

[7] Appellant's argument on this issue does not explicitly identify any trial court error; fails to specify whether Appellant challenges the weight and/or sufficiency of the evidence; and fails to acknowledge that the trial court found Appellant's testimony contradictory and incredible. *See* Appellant's Brief at 13-20; *see also* Trial Court Opinion, 6/11/25, at 8-9.